STATE, EX REL. D. G. SABIN, V. TENNIS G. TILLMA.

[FILED SEPTEMBER 16, 1891.]

**Quo Warranto:** ANSWER. In proceedings in *quo warranto*, the respondent must answer precisely by what statutory authority he exercises the functions of an office.

ORIGINAL proceeding in nature of *quo warranto*.

*George H. Hastings, Attorney General,* and *Steele Bros.,* for relator.

*A. J. Evans, contra.*

COBB, CH. J.

This original proceeding in *quo warranto* is brought by the attorney general on the relation of Darwin G. Sabin against Tennis Tillma to determine the rights of the claimants to the office of treasurer of David City, the county seat of Butler county. It does not appear that either claimant is disqualified. David City, on April 7, 1891, had an enumerated population of 2,000 and was to be governed as a municipal corporation of the second class, having a population of less than 5,000.

It is alleged by the relator that at the annual city election, April 7, 1891, he was elected treasurer for the year commencing on the first Tuesday of May, 1891, and ending on the Monday preceding that day in 1892; that he was duly declared elected and qualified, according to law, as collector of city taxes; that the county of Butler exists under township organization, and that David City is a township in unit.

It is also alleged that at the general county election of November, 1890, the defendant claims to have been elected, and was voted for and declared elected and qualified as

town treasurer of David City, and is acting as collector of taxes and refuses to surrender the books, tax lists, papers, and receipts pertaining to the office. The relator prays the judgment of the court to place him in possession.

The defendant answered admitting the election and qualification of the relator as alleged, but as a defense sets up that the relator has never performed the duties by virtue of his election; and alleges that Gid. Gates, who was the duly elected and qualified treasurer for the year prior to the election of the relator, failed to qualify as the collector of taxes, and a vacancy existed, which defendant filled, and was duly qualified as such, in the manner provided by law, in January, 1891; that the county clerk duly issued to defendant his warrant, directing him to collect the taxes on the duplicate list, and delivered the same, with the tax list and all other books and papers pertaining to the tax collector's office, and charged them to his account as such officer; that defendant proceeded, and has continued, to discharge the duties of tax collector; that no demand has been made to settle his accounts and deliver over the office except by the relator, who made such demand; that the county clerk has never notified defendant of any other person than defendant being qualified as collector of taxes, or requested settlement and return of the tax books, or the delivery of the same to any other person; that defendant has not refused, and does not now refuse, to turn over the tax lists to the proper authority.

The attorney general demurred to the answer:

1. That it does not state facts sufficient to constitute a defense.

2. That it does not show any right or authority in defendant to hold or exercise the office.

3. That it is not alleged that he was either elected or appointed to the office.

The defendant admits the election and qualification of the relator as stated in the information, but alleges "that

one Gid. Gates, who was the duly elected and qualified treasurer for the year next prior to the election of the relator, failed to qualify as the collector of taxes of David City, and that a vacancy, for such reason, existed at the date required by law for the treasurer to qualify. Whereupon defendant was duly qualified as such collector, in the manner provided by law." It is not alleged "that he was appointed by the county clerk, under his hand, and the seal of the county," as required by sec. 93, chap. 77, of the revenue law.

If there be now the office of *town* treasurer of David City the vacancy existing in such office at any time would be filled by appointment of the mayor and city council under the provisions of sec. 103, chap. 26, of the election law, and such an appointment is required to be in writing, to be filed with the city clerk. It is not alleged that the defendant was appointed under the provisions of this section. The vacancy in this instance, by the terms of sec. 107 of the last chapter, occurring in January, was required to be filled, after thirty days, as it was, at the next general election in David City, on April 7, 1891. It follows therefore, even if the defendant was recognized and accepted by the county clerk as a competent and qualified officer, his functions as tax collector had expired with the election and the qualifying of the relator as treasurer. The demurrer of the relator is therefore well taken; judgment will be entered against the defendant, and the relator will take his

WRIT OF OUSTER.

THE other judges concur.