FRANK H. HARPHAM, SR., v. STATE OF NEBRASKA, EX REL. CALVIN W. CRUSE.

FILED DECEMBER 18, 1901. No. 10,768.

Commissioner's opinion, Department No. 3.

Quo Warranto: APPLICATION: PROSECUTING ATTORNEY. An application in the nature of an information in quo warranto filed by a private citizen to recover the possession of a public office is fatally defective if it omits to allege that the relator has applied to the prosecuting attorney to file the same, and that the latter has refused or neglected so to do.

ERROR from the district court for Adams county. Tried below before BEALL, J. Reversed.

McCreary & Button, for plaintiff in error.

L. J. Capps and John C. Stevens, contra.

AMES, C.

This cause was submitted, without oral argument, upon the brief of the plaintiff in error alone. From the brief it appears that the action is a proceeding in the nature of a writ of quo warranto to recover the possession of a school district office. The relator is a private citizen, claiming title to the office as the result of an election. The statute enacts (Compiled Statutes, ch. 71, sec. 1) as follows:

"When any citizen of this state shall claim any office which is usurped, invaded, or unlawfully held and exercised by another, the person so claiming such office shall have the right to file in the district court an information in the nature of a quo warranto, upon his own relation,

and with or without the consent of the prosecuting attorney, and such person shall have the right to prosecute said information to final judgment; *Provided,* He shall have first applied to the prosecuting attorney to file the information, and the prosecuting attorney shall have refused or neglected to file the same."

The information does not purport to have been filed by or at the instance of the prosecuting attorney, and it omits to allege that that officer had been requested to file the same and had refused or neglected to do so. Objection upon this ground was made in due season and overruled. The statute is explicit in its terms, and is founded upon a wise public policy. We think that the information fails to disclose capacity in the relator to begin or prosecute the action, and it is recommended that the judgment of the district court be reversed, and that the suit be dismissed.

DUFFIE and ALBERT, CC., concur.

By the Court: For reasons stated in the foregoing opinion, the judgment of the district court is reversed and the suit is dismissed.

REVERSED AND DISMISSED.

NOTE.—The attorney general is the proper officer to institute proceedings in quo warranto in the supreme court, and not the district attorney. Syllabus. In opinion *quære. State v. Cones,* 15 Nebr., 444. The county attorney is the successor of the district attorney. *Dinsmore v. State,* 61 Nebr., 418.—REPORTER.