STATE OF NEBRASKA, EX REL. ALVIN BLESSING, v. HORACE M. DAVIS.

FILED APRIL 17, 1902.   No. 12,534.

Commissioner's opinion, Department No. 3.

1. **Quo Warranto:** PRIVATE PERSON: ATTORNEY GENERAL: BURDEN OF PROOF.   In an action of quo warranto, instituted by a private party to obtain possession of a public office, the relator must both plead and prove such facts as show him entitled thereto; but where the action is instituted by the attorney general, the burden is on the respondent to show his title.

2. **Information.**   Information in the action examined and *held* to show that it was instituted by the attorney general.

ORIGINAL application in the nature of a quo warranto to test the right of the respondent to hold the office of

clerk of the district court for Valley county. Heard on demurrer to petition. *Demurrer overruled.*

*Frank N. Prout, Attorney General, Norris Brown, Deputy, Clements Bros., E. M. Coffin* and *A. Norman,* for relator.

*W. H. Thompson, Hall & Johnson, T. J. Doyle* and *H. E. Oleson,* contra.

DUFFIE, C.

This is an original action brought by the attorney general to test the right of the respondent to hold the office of clerk of the district court in and for Valley county. The information alleges that at the general election held in said county on the 5th day of November, 1901, Alvin Blessing was duly elected to the office of county clerk of Valley county; that, within the time and in the manner prescribed by law, he took the oath of office, gave a bond, which was duly approved, and became and was, and now is, duly qualified for said office of county clerk of said county, and on the 9th day of January, 1902, and ever since said time, has been acting county clerk of said county; that Valley county on the 7th day of November, 1899, did not contain eight thousand inhabitants; that said county of Valley, ever since its organization, has always been and now is a county of less than eight thousand inhabitants, and that the relator, by virtue of his election and qualification as county clerk of said county, is and has been ever since the 9th day of January, 1902, ex-officio clerk of the district court of said county, and entitled to the care and custody of all the books and records and property of said office, and to exercise the rights and duties of said office and receive the fees and emoluments thereto belonging. It is further alleged that chapter 28 of the Session Laws of the 25th session of the legislature, purporting to authorize the election of a clerk of the district court separate from the county clerk in counties having cast

over sixteen hundred votes at any general election, is void, for certain reasons set out in the information. The information further recites that the respondent has usurped, and still continues to usurp, the office of the clerk of the district court of Valley county, without any legal claim or right, and that he has used and exercised, and still unlawfully uses and exercises, said office of clerk of the district court. To this petition the respondent demurred for the following reasons: (1.) For the reason that the court is without jurisdiction to hear and determine this case, as will be more fully shown by the aforesaid information. (2.) For the reason that the facts therein stated do not constitute a cause of action.

In the argument of the demurrer the attorney for the respondent insisted that the petition showed upon its face that the action was brought by Alvin Blessing, a private party, and that the court had no jurisdiction to hear the cause, for the reason that it was not alleged that he had applied to the attorney general to file the information and that the attorney general had refused or neglected to do so. While the action is entitled "State of Nebraska, ex rel. Alvin Blessing, v. Horace M. Davis," and while the petition in several instances refers to Alvin Blessing as the relator, we think that upon its face the petition shows that it was filed by the attorney general, and that the action is being prosecuted by him in his official capacity. The petition contains the following allegation: "F. N. Prout, attorney general of the state of Nebraska, who prosecutes in his own proper person and at the relation of Alvin Blessing, gives the court to understand and be informed," etc., and then follows a statement of the facts above set out. Section 710 of the Code of Civil Procedure provides that "When the defendant is holding an office to which another is claiming the right, the information should set forth the name of such claimant, and the trial must, if practicable, determine the rights of the contesting parties." It was evidently with this section of the statute in mind that the attorney general used the name of the relator as a party

in the action, and not for the purpose, or with the intent, to make him the real party plaintiff in the action.

The second ground of the demurrer is based upon the assumption that the action is being prosecuted by Alvin Blessing instead of by the attorney general, and it is urged that the petition does not state facts sufficient to constitute a cause of action, in that the number of inhabitants which Valley county actually contains is not stated, nor is the election of Alvin Blessing to the office of county clerk shown by any statement of facts set out in the petition, the allegation that he was duly elected to said office being a mere legal conclusion. The rule, without exception, is that, where a private party institutes an action of this kind to obtain possession of an office held by another, the facts showing his title to the office must be stated in his petition and the burden is upon him to establish his right thereto. Where, however, the attorney general files an information alleging that a party is usurping an office, the respondent, in such cases, must assume the burden of pleading and establishing by his proof all the facts showing his right to the office which he claims. Conceding, for the sake of the argument, that the petition is too general in its statements to state a cause of action, provided it was being prosecuted by Blessing in his own right, still, as we have seen, the action was instituted and is being prosecuted by the attorney general in his official capacity, and the petition need not state any facts going to show that the office properly belongs to Blessing, the burden being upon the respondent to plead and show the facts entitling him to the office.

We recommend that an order be entered overruling the demurrer.

Ames and Albert, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the demurrer is overruled.

DEMURRER OVERRULED.