STATE OF NEBRASKA V. JOHN F. GŌWER, COUNTY JUDGE.

FILED FEBRUARY 22, 1905.   No. 13,723.

1. **Quo Warranto.** Whether an information in *quo warranto* lies
against a county judge, who under color of his office has usurped
public functions and powers in excess of the jurisdiction con-
ferred upon him by law, is adverted to but not decided.

2. ———: REVIVOR. When a county judge dies pending a proceeding
against him in the nature of an information in *quo warranto*
for the alleged usurpation of functions and powers in excess
of the jurisdiction conferred upon him by law, his successor
in office cannot, upon motion of the relator, be substituted as
respondent in his stead after the cause has proceeded to judg-
ment in the district court, and while it is pending here on
petition in error.

ERROR to the district court for Thurston county:
CHARLES T. DICKINSON, JUDGE. *Affirmed.*

*Hiram Chase,* for plaintiff in error.

*Curtis L. Day* and *T. L. Sloan, contra.*

AMES, C.

This cause originated as an information in *quo warranto*
exhibited in the district court for Thurston county. The
relator is county attorney, and the respondent was county
judge of that county, and it is charged in the informa-
tion as follows:

"That heretofore, under and by virtue of the acts of congress of August 7, 1882, and February 8, 1887, the land belonging to the Omaha and Winnebago tribes of Indians situate within the county of Thurston, was and now is allotted in severalty, in tracts of 80 to 160 acres each, to members of said tribes of Indians to the number of nearly 3,000 persons, and that each of said allotments are held upon certain trusts, conditions, restrictions and limitations contained in the said acts of congress aforesaid, as follows:

" 'That the United States does and will hold the land thus allotted, for the period of 25 years, in trust for the sole use and benefit of the Indian to whom such allotment shall have been made, or, in case of his decease, of his heirs, according to the laws of the state or territory where such land is located, and that at the expiration of said period the United States will convey the same by patent to said Indian, or his heirs as aforesaid, in fee, discharged of said trust and free of all charge or incumbrance whatsoever. * * * And if any conveyance shall be made of the lands set apart and allotted as herein provided, or any contract made touching the same, before the expiration of the time above mentioned, such conveyance or contract shall be absolutely null and void: *Provided,* That the law of descent and partition in force in the state or territory where such lands are situate shall apply thereto after patents therefor have been executed and delivered.' " U. S. Statutes at Large, vol. 24, p. 389, ch. 119, sec. 5.

"The plaintiff shows to the court that the period of trust of 25 years concerning the allotments of land aforesaid is not as yet expired, and that the district court for Thurston county as a court of equity has original and exclusive power and jurisdiction to construe, interpret, regulate and enforce any and all trusts, equities, rights and interests arising out of the terms of the trusts aforesaid, but that the defendant by virtue and color of his office aforesaid has and does now unlawfully claim, usurp and exercise powers and jurisdiction over the trusts concern-

23

ing the allotments of land aforesaid, by pretended administration proceedings of deceased allottees aforesaid, wherein the allotments of land made to deceased allottees as aforesaid. is the main property involved, and in which pretended proceedings the rents of said lands are treated by defendant as assets of said deceased allottees as aforesaid, and for which pretended proceedings, decrees and orders made therein the said defendant claims and receives fees therefor."

The pleading concludes with a prayer to the effect that, if it be found by the court upon investigation that the defendant is doing, under color of his office, the acts and things complained of, and that such doings are in excess of his authority as county judge, judgment be rendered ousting him of the exercise of the alleged usurped jurisdiction and powers. A general demurrer to the information was sustained by the district court, and the relator prosecutes error from the resulting judgment of dismissal.

The charge is not so definite or specific that we are able to make out with certainty what precisely was the conduct complained of, and no intendment will be entertained that would convict the respondent of wrong-doing. Respondent is not accused of having. interfered or attempted to interfere with the title or possession of the allotted lands, or with having impounded or attempted to impound rents accruing therefrom to the heirs of allottees after the death of their ancestors, so that, for aught that the court is given to understand, administration may have been confined to the chattels and choses in action of deceased Indians.

But it is not worth while to pursue the matter further. At the hearing in this court the relator orally suggested the death of the respondent, and asked for an order substituting for the latter the present incumbent of the office. This, we think, could not in any event be done. But, whether the writ lies for that purpose in such a case as this need not be now decided. If it does, it could certainly not be issued against the present incumbent for conduct

of his predecessor in which he did not participate, nor even for his own misconduct, if he has been guilty of such, until he has been formally charged therewith and given an opportunity to be heard after due trial in his own defense.  If he should be made a party now, he would have no opportunity to·plead, but would be bound by the record made by his predecessor.

It is therefore recommended that the judgment of the district court be affirmed.

LETTON and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be

AFFIRMED.