A. S. LITTLEFIELD, S. T. KIMBALL AND J. E. MOORE

*vs.*

MAINE CENTRAL RAILROAD COMPANY.

Knox.    Opinion April 1, 1908.

*Motion to Dismiss.   Demurrer.   Replevin.   Writ.   Demand.   Receivers.*
*Statute 1821, chapter 63, section 9.   Revised Statutes, chapter 49, section 119.*

At common law a motion to dismiss and a demurrer are not interchangeable.

At common law a motion to dismiss can be used to abate the action only when it is apparent from the record that the court has no jurisdiction; and when an order of dismissal is made the action ends.

At common law a demurrer admits the jurisdiction but attacks the pleadings and if the demurrer be sustained, the action is not thereby dismissed but there may still be opportunity for amendment and until further steps are taken, the action remains on the docket.

An action at common law is not to be dismissed for mere defects in pleading that are amendable or which may be cured by verdict, if it appears. that the court has jurisdiction and the plaintiff has stated a good cause of action. The defendant should demur if he wishes to raise objections to such defects.

In statutory proceedings, where the jurisdiction of the court rests upon allegations and proof of statutory requirements, a motion to dismiss may serve the purpose of a demurrer, and the motion will lie where it appears, assuming the allegations to be true, that the court has no jurisdiction.

A motion to dismiss does not lie when to support it or resist it, proof is necessary dehors the writ.

In a common law action of replevin a motion to dismiss does not lie when the alleged reasons for dismissal are (1) insufficient description of the property taken, (2) want of allegation of ownership or right of possession in the plaintiff, (3) want of allegation of demand before suit, (4) want of allegation of value, but such objections should be raised by demurrer, if raised at all, as they are mere defects in pleading which can be cured by amendment or. verdict and do not go to the jurisdiction of the court.

In a common law action of replevin, a motion to dismiss the action for the alleged reason that the bond is not signed by sufficient sureties will not be sustained, although the objection comes within the scope of the motion, when it appears that on its face the bond is in due form and sufficient.

In an action of replevin, an allegation that the goods "belonged to the plaintiff" is a sufficient averment of ownership.

In an action of replevin, demand is a matter of proof and not of pleading.

In an action of replevin, the allegation of value is unnecessary, and even if required an averment in the proviso that the plaintiff gave bond in a sum certain " being twice the value of said goods and chattels " is sufficient.

In the case at bar, *Held :* That the declaration follows exactly the form of replevin writ established by the Statute of 1821, chapter 63, section 9, and in general use in this State for more than eighty years.

When a replevin writ is made provisionally to be used only in case of the refusal of the defendant to surrender the property after demand and is not served until after demand and refusal, the action is not prematurely brought.

When receivers of a street railway company have been duly appointed with express authority "to prosecute and maintain any suits at law or in equity for the recovery, preservation or protection" of the property of the railway company, no special decree is needed in order to authorize such receivers to prosecute and maintain an action of replevin for the recovery of personal property of the railway company alleged to be unlawfully taken and detained by a defendant.

On exceptions by defendant and also on report. Exceptions overruled. Judgment for plaintiffs.

Action of replevin brought by the plaintiffs as receivers of the Rockland, South Thomaston and Owls Head Street Railway, for one reel of copper trolley wire alleged to have been taken and detained by the defendant. The plaintiffs' writ and declaration were as follows :

"State of Maine.

"KNOX, ss.    To the Sheriff of our County of Knox or his Deputy, Greeting :

"We command you that you replevy the goods and chattels following, viz :    One reel 4-0 grooved copper trolley wire belonging to A. S. Littlefield, S. T. Kimball, both of Rockland, and J. E. Moore of Thomaston, Knox County, Maine, as Receivers of the Rockland, South Thomaston and Owls Head Railway, now taken and detained by Maine Central Railroad Company in Rockland aforesaid, and them deliver unto the said Littlefield, Kimball and Moore, Receivers, Provided, the same are not taken and detained upon mesne process, warrant of distress, or upon execution as the property of said Littlefield, Kimball and Moore, Receivers, and summon the said Maine Central Railroad Company that · it may appear before our Justices of our Supreme Judicial Court, next to be

holden at Rockland, within and for the County of Knox, on the first Tuesday of April next, to answer unto the said Littlefield, Kimball and Moore, Receivers, in a plea of replevin for that the said Maine Central Railroad Company on the first day of March at said Rockland unlawfully, and without any justifiable cause, took the goods and chattels of the said Littlefield, Kimball and Moore, Receivers, as aforesaid, and them unlawfully detained to this day, to the damage of the said Littlefield, Kimball and Moore, Receivers, as they say, the sum of five hundred dollars; Provided, they the said Littlefield, Kimball and Moore as Receivers shall give bond to the said Maine Central Railroad Company with sufficient surety, or sureties in the sum of one thousand dollars, being twice the value of the said goods and chattels, to prosecute the said replevin to final judgment, and to pay such damages and costs as the said Maine Central Railroad Company shall recover against them; and also to return and restore the same goods and chattels, in like good order and condition as when taken, in case such shall be the final judgment; and have you there this writ with your doings therein, together with the bond you shall take.

"Witness, Lucilius A. Emery, Chief Justice of our Supreme Judicial Court at Rockland, the first day of March, A. D., 1907.

"GUILFORD B. BUTLER, CLERK."

A bond to the defendant, as required by the writ, for the sum of one thousand dollars, "being twice the value of said goods and chattels," was duly executed by the plaintiffs as principals and by the National Surety Company, "a corporation duly organized by law and having an office at said Rockland," as surety. See Revised Statutes, chapter 49, section 119.

The writ was duly entered at the April term, 1907, Supreme Judicial Court, Knox County, at which time the defendant filed a motion to dismiss the action for the following reasons:

"1st. Because the goods and chattels mentioned, and which the officer was commanded to take, are not definitely or sufficiently described.

"2nd.    Because the plaintiffs are not named as owners, or that they have or had a right of posssesion to the articles named.

"3rd.    Because there is no averment in the writ of a demand having been make upon the defendant before this action was commenced, or that said article was tortuously or unjustly taken or detained.

"4th.    Because there is no averment or statement in the writ of the value of the article alleged to have been taken and detained.

"5th.    Because the bond is not signed with sufficient sureties.

"Wherefore the defendant prays judgment of said writ, and for a return of the goods and chattels therein named."

This motion was overruled and the defendant excepted.    The action was then continued to the September term, 1907, of said court at which time it came on for trial.    The defendant pleaded the general issue with brief statement as follows :

"And said defendant, by brief statement of its further defense says that the goods and chattels, viz., the coil of wire mentioned in plaintiffs' writ, was not, at the time of the issuing of said writ, owned or possessed by the plaintiffs, nor were said goods and chattels ever owned or possessed by the plaintiffs, and neither were they then or now entitled to the possession thereof as receivers or otherwise.

"And the defendant further says that at the time of the issuing and service of said writ, C. Gardner Chalmers of Bangor was the owner thereof, but before that time said Chalmers had deposited with and entrusted to the defendant said coil of wire for shipment, whereby and by reason whereof, the defendant became the owner thereof pro hac vice, and the same was then and there rightfully in its possession, and was then and there wrongfully and illegally taken therefrom, and are in law entitled to a judgment for a return thereof to it."

At the conclusion of the evidence, it was agreed that the case should be reported to the Law Court for decision "upon so much of the evidence as is legally admissible, the Law Court to render such judgment as the law and the legal evidence require."    It was also agreed that the defendant's exceptions to the overruling of the motion to dismiss should be carried to the Law Court as a part of the case.

It was admitted that the Rockland, South Thomaston and Owls Head Railway was duly organized as a railroad company.

Clause three of the original decree appointing receivers of the aforesaid Owls Head Railway reads as follows :

"Said receivers are hereby authorized and directed to take possession of all the real and personal property of said Rockland, South Thomaston & Owls Head Railway, including its line of railway, its equipment, franchise rights, and including all deeds, books, vouchers, accounts, contracts, papers and documents. Said receivers shall preserve, manage and care for said property, may employ all necessary servants, agents and employees, shall collect and receive all money due or that may hereafter become due to said company from whatever source and shall pay all wages and caring for said property. Said receivers are authorized to prosecute and maintain any suits at law or in equity for the recovery, preservation or protection of said property."

All the material facts appear in the opinion and in *Chalmers* v. *Littlefield et als.*, 103 Maine, 271.

*J. E. Moore, A. S. Littlefield and S. T. Kimball*, for plaintiffs.
*D. N. Mortland*, for defendant.

SITTING : WHITEHOUSE, SAVAGE, SPEAR, CORNISH, KING, JJ.

CORNISH, J.    This is an action of replevin for one reel of copper trolley wire, a part of a quantity purchased by the Rockland, South Thomaston and Owls Head Railway, for use in the construction of a street railway from the Rockland line to Crescent Beach and Owls Head.

The plaintiffs claim title as receivers of said railway ; the defendant denies the title of the plaintiffs and sets up right of possession in itself as bailee of C. Gordon Chalmers who claims ownership by virtue of an attachment in an action of assumpsit brought by him against the corporation July 12, 1904, and an execution sale thereon made June 14, 1906. The case is before this court on defendant's exceptions to the overruling of its motion to dismiss, and also on a report of the evidence.

1.  MOTION TO DISMISS.

The defendant alleges five grounds for dismissal, four of which should have been raised, if at all, by demurrer to the declaration and not by a motion to dismiss.   These are :  insufficient description of property taken; want of allegation of ownership or right of possession in the plaintiffs; want of allegation of demand before suit and want of allegation of value.   It is familiar law that a motion to dismiss will lie only when it is apparent on the record that the court has no jurisdiction, as in case of want of indorser to an original writ, *Clapp* v. *Balch*, 3 Maine, 216 ; *Pressey* v. *Snow*, 81 Maine, 288, or of writ running without warrant against the body of the defendant, *Cook* v. *Lothrop*, 18 Maine, 260, or of want of service, *Searles* v. *Hardy*, 75 Maine, 461, and analogous cases.   But an action at law is not to be dismissed for mere defects in pleading that are amendable or may be cured by verdict if it appears that the court has jurisdiction and the plaintiff has stated a good cause of action.   The defendant should demur if he wishes to raise objections to such defects.   A motion to dismiss and a demurrer are not interchangeable.   The former can be used to abate an action only when it is apparent from the record that the court has no jurisdiction; the latter admits the jurisdiction but attacks the pleadings.   An order of dismissal is a finality.   The action ends.   Not so with the sustaining of a demurrer.   There may still be opportunity for amendment and until further steps are taken, the action remains on the docket.

In statutory proceedings, where the jurisdiction of the court rests upon allegations and proof of statutory requirements, a motion to dismiss may serve the purpose of a demurrer, and the motion will lie where it appears, that, assuming the allegations to be true, the court has no jurisdiction, as in *Rines* v. *Portland*, 93 Maine, 227 ; *Hayford, Aplt.*, v. *Bangor*, 103 Maine, 434.   But the case at bar is the common law action of replevin and not one of the four reasons for dismissal under discussion goes to the jurisdiction of the court.

"A defendant cannot move for a dismissal or nonsuit for the mere insufficiency or uncertainty of the declaration or complaint, where

the defects may be obviated by amendment or by giving leave to plead over, or by allowing a continuance or where the defect may be cured by verdict" (as in *Stimpson* v. *Gilchrist*, 1 Maine, 202; *Hutchins, Admr.*, v. *Adams*, 3 Maine, 174; *Elliott* v. *Stuart*, 15 Maine, 160). "The underlying principle, as shown by the cases is: That if trial may be had on the merits of the case, and the defects in the pleading may be amended or cured by subsequent pleas or proceedings, the action should not be dismissed." Cyc. Vol. 14, page 440-1.

In *Barlow* v. *Leavitt*, 12 Cush. 483, the defendant attempted to take advantage of a misjoinder of different causes of action by a motion to dismiss, and the court in overruling the motion said: "There is no ground for the motion to dismiss this action. The court below had jurisdiction both of the subject matter and of the parties. The defect, if any existed, was in the misjoinder of two separate and distinct causes of action, for each of which the law prescribes different remedies. At common law, the only proper mode of taking advantage of such a defect was by a demurrer or motion in arrest of judgment. 1 Chit. Plead. 236. Under the practice act, it can be done only by demurrer." The Supreme Court of Vermont in *Alexander* v. *School District*, 62 Vt. 273, noted the distinction in these words: "The motion to dismiss is sought to be maintained on the ground that the plaintiff cannot recover as bearer on the order set out in the specifications, or bill of particulars, because it is not negotiable. This ground is entirely untenable, and wholly misconceives the nature and scope of a motion to dismiss. Such a motion is in the nature of a plea in abatement, and is not used for testing the right of recovery on the merits, but only for impeaching the correctness of the proceedings for the purpose of abating the action. Defects apparent on the face of the declaration, independent of any reference to the writ or its service, are not pleadable in abatement nor the subject of a motion to dismiss. The proper way of taking advantage of such defects is by demurrer or motion in arrest of judgment." Therefore, as to the first four objections to the declaration the remedy by a motion to dismiss was clearly inappropriate, and exceptions to the overruling of the motion in those particulars cannot be sustained.

We might add, however, that the objections would not be tenable even if raised on demurrer. The description is ample within the rule laid down in *Musgrave* v. *Farren*, 92 Maine, 198 ; the allegation that the goods "belonged to" the plaintiffs is sufficient averment of ownership ; demand is a matter of proof and not of pleading, *Seaver* v. *Dingley*, 4 Maine, 306 ; *Lewis* v. *Smart*, 67 Maine, 206 ; the allegation of value is unnecessary, *Blake* v. *Darling*, 116 Mass. 300 ; *Litchman* v. *Potter*, 116 Mass. 371, and, if required, there is a sufficient averment in the proviso that the plaintiffs gave bond "in the sum of one thousand dollars being twice the value of said goods and chattels." In fact the declaration follows with exactness the form of replevin writ established by sec. 9 of chap. 63 of the Laws of 1821, and in general use in this State for more than eighty years.

The fifth cause of dismissal is that the bond is not signed with sufficient sureties. This objection comes within the scope of a motion to dismiss. *Wilson* v. *Nichols*, 29 Maine, 566. But the bond is signed by the National Surety Company as surety, as authorized by Rev. Stat., chap. 49, sec. 119, and the company is described as being duly organized by law and having an office at said Rockland. On its face the bond is in due form and sufficient and a motion to dismiss does not lie when to support it or resist it, proof is necessary dehors the writ. *Chamberlain* v. *Lake*, 36 Maine, 388 ; *Badger* v. *Towle*, 48 Maine, 20 ; *Hunter* v. *Heath*, 76 Maine, 219.

This ground therefore fails.

2. THE CASE ON ITS MERITS.

The rights of the parties in this action have been substantially established in the case of *Chalmers* v. *Littlefield, et als.*, 103 Maine, 271, where the material facts connected with this litigation are set forth with such fullness that it is unnecessary to repeat them here. The parties in the two suits are reversed but the issues are practically the same. In that case Mr. Chalmers attempted to hold the defendants liable in trover for the conversion of certain steel rails which had come into their possession as receivers of the Railway Company, and which he claimed to own by virtue of an execution sale made after the receivers were appointed. The wire in the case at bar was

sold under the same execution and at the same time as the rails, so that Mr. Chalmers' source of title is the same in both cases, as is also that of the receivers.

In the former case this court held that the title to this personal property passed into the custody of the receivers, who had been appointed by the court to take possession of all the property of the corporation and to manage it for the interest of the bondholders and creditors as their rights might be made to appear, that the entire property was in custodia legis, when Mr. Chalmers, without leave of court, presumed to seize and sell a part of it on the execution issued on a judgment which was also taken after the receivers were appointed, and this the law did not permit them to do. The title of the receivers was therefore held valid and that of Mr. Chalmers invalid, and that decision as to title is conclusive in the case at bar.

It is further contended by the defendant that the plaintiffs have not been authorized by any special decree of court to bring this suit. The answer is that no special decree was needed. The original decree of appointment was comprehensive in its terms and among other powers conferred on the receivers was the express authority "to prosecute and maintain any suits at law or in equity for the recovery, preservation or protection of said property." This action is in conformity with that authority. Finally the counsel claims that the defendant came lawfully into possession of this property as a common carrier, and that the action could not be maintained until there had been a proper demand and refusal, which demand should have been made at least the day previous to the service of the writ. The evidence shows that one of the plaintiffs made the writ on the morning of March 2, 1907, and, accompanied by the sheriff, went at once to the station agent and demanded the wire, that his request was refused, and he then directed the sheriff to serve the writ and take the property which was done. The refusal gave the plaintiffs the right to proceed forthwith. To require a longer time to intervene might wholly defeat the plaintiffs' rights as it would permit the property to be put beyond their reach. Where a replevin writ is made provisionally to be used only in case of the refusal of the

defendant to surrender the property, the action is not prematurely brought. *O' Neil* v. *Bailey*, 68 Maine, 429 ; *Grimes* v. *Briggs*, 110 Mass. 446.

"A writ may be considered as purchased at any moment of the day of its date which will most accord with the truth and justice of the case." *Bank* v. *Mosher*, 79 Maine, 242.

> *Exceptions overruled. Judgment for plaintiff's for $1 damages and costs. Plaintiff's to keep property replevined.*