## MARIE J. PROVOST *vs.* EDMOND JODOIN, ET AL.

Androscoggin County. Decided April 5, 1927. A replevin writ is not demurrable for either or all of the following reasons:—

(1) "That the plaintiff's declaration does not allege or place any value on the goods and chattels described."

In replevin the value of the chattels replevied is not in issue. *Thomas* v. *Spofford,* 46 Me. 409 "The allegation of value is unnecessary." *Littlefield* vs. *Railroad Co.* 104 Me. 126.

(2) That it "does not specify all of the particular property replevied."

This is merely to say that the officer making the service took some goods not described in his writ. As to such chattels, if any, his writ does not protect him. But this is not a ground of demurrer.

(3) "That it does not appear that the sureties on the bond were approved by the sheriff as provided by law."

The statute providing for replevin of goods does not require that the replevin bond be formally approved. R. S. Ch. 101, Sec. 10.

The statute provides that the bond shall have "sufficient sureties," "in double the value of the goods to be replevied."

The return shows that this requirement was complied with.

Moreover a demurrer by a defendant challenges the legal sufficiency of the writ and declaration, not of the bond.

The defendant does not point out any other specific fault in the writ or declaration. Nor do we discover any. Exceptions overruled.

*Frank A. Morey*, for plaintiff.  *M. L. Lizotte*, for defendant.