STATE, EX REL. WALTER R. JOHNSON, ATTORNEY GENERAL, RELATOR, V. CONSUMERS PUBLIC POWER DISTRICT, RESPONDENT: CITY OF SIDNEY ET AL., INTERVENERS.

5 N. W. (2d) 202

FILED AUGUST 7, 1942.   No. 31433.

*Walter R. Johnson, Attorney General,* and *Edwin Vail,* for relator.

*Lee & Sheldahl,* for respondent.

*L. J. TePoel, Morrow & Miller, E. D. Crites, P. J. Heaton, Robert J. Bulger* and *Bern R. Coulter,* for interveners.

*Flansburg & Flansburg, amici curiæ.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and YEAGER, JJ.

EBERLY, J.

This original proceeding in *quo warranto* was instituted by the attorney general of the state of Nebraska in conformity with the direction of the Chief Executive, to "determine

by what warrant" the "Consumers Public Power District," respondent herein, "exercises possession, ownership and control of all and singular and any part or portion of the interconnected and integrated electric system known as the Western Division of the Western Public Service Company," and as described in the amended information filed herein "and any part or portion thereof, located within the boundaries of any individual city or town;" and to require said respondent "to cease and desist from exercising any ownership of, or control over, said properties, or any part thereof; and be excluded from the exercise of any pretended rights, franchises, or privileges with respect thereto."

The cities of Sidney, Chadron, Scottsbluff, and Bridgeport, Nebraska, each, upon leave of this court first obtained, filed its separate petition in intervention in this cause, claiming an interest in the matter in litigation in this proceeding and in the success of the plaintiff herein, and each joining with the plaintiff in claiming for each of such municipalities what was sought in the amended information in *quo warranto* filed in this cause.

To this amended information of the attorney general the Consumers Public Power District filed its motion "to abate and dismiss the amended information heretofore filed in this cause against it for the reasons and upon the grounds" set forth in such motion. A similar motion was presented by the respondent as to the separate petitions of intervention of the city of Chadron, the city of Bridgeport, the city of Sidney, and the city of Scottsbluff.

The first issue presented by the briefs of the parties is a question of procedure, "whether or not a motion to dismiss, such as that filed by respondent, is a proper procedure."

Original jurisdiction in *quo warranto* is vested in this court by section 2, art. V of the Constitution, in the following words: " * * * The supreme court shall have jurisdiction in all cases relating to * * * *quo warranto* * * * , and such appellate jurisdiction as may be provided by law. * * * " Sections 20-21,112 to 20-21,139, Comp. St. 1929, constitute the only statutory provisions applicable to the subject of

*quo warranto.* Of these, sections 20-21,112, 20-21,115, 20-21,116, 20-21,117, Comp. St. 1929, relate to the question before us. The first section of the statutes last referred to prescribes who the defendants to the action may be. Section 20-21,115 directs that "Such information (in *quo warranto*) shall consist of a plain statement of the facts which constitute the grounds of the proceeding, addressed to the court, which shall stand for an original petition." Section 20-21,116 provides that "Such statement (which shall 'stand for an original petition') shall be filed in the clerk's office, and summons issued and served in the same manner as hereinbefore provided for the commencement of actions in the district court." Section 20-21,117 provides: "The defendant shall appear and answer such information in the usual way, and issue being joined it shall be tried in the ordinary manner." The provisions quoted were originally enacted in 1866 as title XXIII of the Code of Civil Procedure. In this connection, section 20-802, Comp. St. 1929, reads as follows: "The rules of pleading formerly existing in civil actions are abolished and hereafter the forms of pleading in civil actions in courts of record, and the rules by which their sufficiency may be determined, are those prescribed by this Code."

*Quo warranto* is a civil action both in substance and in form. *State v. Standard Oil Co.,* 61 Neb. 28, 84 N. W. 413.

The conclusion follows that the rule of construction prescribed by the Code provision last cited is applicable to the instant case.

Again, we are here occupied with ascertaining the proper construction of certain Civil Code provisions. The proper rule is that the meaning of a section of statute must be determined from the entire scope and purpose of legislation and that the statute should be given effect as a whole. *Jones v. York County,* 26 Fed. (2d) 623. In construing provisions of our Civil Code effect must be given to every word, clause or sentence therein. In other words, our Civil Code as a statute complete in all its parts should be so construed as to make all of its parts harmonize with each other and render them consistent with its general scope and object. *State*

*v. Bartley,* 39 Neb. 353, 58 N. W. 172; *State v. City of Lincoln,* 101 Neb. 57, 162 N. W. 138.

Recurring to the provisions of the statute quoted relating to *quo warranto* we note that, when summons is "issued and served in the same manner as hereinbefore provided for the commencement of actions in the district court," the statutory requirement is that the defendant shall appear and answer such information in the usual way. We take it that the requirement is that the defendant shall "answer" in the usual way as contemplated by the provisions of the Civil Code.

The employment in section 20-21,116, Comp. St. 1929, quoted, of the words, "as hereinbefore provided for the commencement of actions in the district court," clearly designates section 20-503, Comp St. 1929. "That which is implied in a statute is as much a part of it as that which is expressed." 59 C. J. 973.

The effect of the language above quoted is to incorporate as part of the summons to. be issued in *quo warranto* actions the requirements of section 20-503 to the effect that "The summons shall be dated the day it is issued. It shall be directed to the sheriff of the county, and command him to notify the defendant or defendants named therein that he or they have been sued, and *must answer* the petition filed by the plaintiff, giving his name at the time stated therein," etc. (Italics ours.) The definition of the term "answer" and the requirements as to pleadings exacted thereby as the same is employed in this "summons," the issuance of which is required as a commencement of all civil actions (section 20-501) including *quo warranto,* is determined by section 20-803, which provides: "The only pleadings allowed are * * * The answer or demurrer by the defendant * * * ." It also follows that complete compliance with section 20-21,117 has been had when, after being served with summons, the defendant appears and files his answer or demurrer to the pleading of plaintiff. Either properly constitutes an "answer to such information in the usual way."

It appears that the practice in *quo warranto* actions gen-

erally conforms to the conclusion here arrived at. "A *quo warranto* information is subject to demurrer the same as a declaration, petition, or complaint in a civil action. Thus, the information may be demurred to for failure to set forth sufficient facts, and any defect in the structure of the information may be taken advantage of by demurrer. While a complaint or information met by a demurrer is to be construed against the pleader, yet all facts well pleaded are, in accord with demurrers in other cases, admitted. Pleadings subsequent to the information may likewise be met with demurrer, as for example, a plea or replication." 22 Standard Ency. of Procedure, 79.

"The sufficiency of an information in the nature of *quo warranto*, or of a plea thereto traversing usurpation and justifying, or of a replication, may be raised by demurrer. In accordance with the general rule governing demurrers the truth of the allegations in the plea is conceded by a demurrer. A demurrer, however, admits only such facts as are well pleaded. It does not admit conclusions of law stated by the pleader, or the construction placed by him upon statutes." 22 R. C. L. 712, sec. 39.

"The legal sufficiency of a pleading, such as a petition, complaint, information, or plea in a *quo warranto* action or proceeding may be questioned by demurrer; but a pleading cannot be adjudged insufficient in point of law upon a motion to quash or dismiss, or at least such a motion will not be sustained where it is based upon a defect which may be cured or remedied by amendment." 51 C. J. 352.

The conclusions from the provisions of our Code of Civil Procedure cited or set forth herein, and from the authorities generally above quoted and referred to, are, eliminating such questions as requirng the information in *quo warranto* to be made more definite and certain, that the respondent is required to "answer such information in the usual way" (Comp. St. 1929, sec. 20-21,117) ; that he is limited to filing his demurrer or answer to the information filed against him (Comp. St. 1929, sec. 20-803) ; and that the issue so joined

"shall be tried in the ordinary manner" (Comp. St. 1929, sec. 20-21,117).

In the instant case the respondent has not answered or demurred to the information of the attorney general as thus required. It has entitled its pleading as a "Motion to dismiss amended information," and in the first paragraph thereof moves the court "to abate and dismiss the amended information," and has verified the same under oath as to the contents thereof and the allegations and grounds thereof. A like motion was filed by the respondent to the several petitions of intervention filed herein by the several interveners by leave of court first obtained. The question thus presented is whether in so doing the requirements of the Code have been substantially complied with by the respondent. In support of its pleading the following cases are cited by it: *State v. Drainage District,* 100 Neb. 625, 160 N. W. 997; *State v. Atchison & N. R. Co.,* 38 Neb. 437, 57 N. W. 20, and, also, another case by the same title reported in 24 Neb. 143, 38 N. W. 43; *State v. Tillma,* 32 Neb. 789, 49 N. W. 806; *Harpham v. State,* 63 Neb. 396, 88 N. W. 489; *State v. Davis,* 64 Neb. 499, 90 N. W. 232; *State v. Nolan,* 71 Neb. 136, 98 N. W. 657; *State v. Gower,* 73 Neb. 304, 102 N. W. 674. All of the cases so cited (which were disposed of on demurrer to informations in *quo warranto*) evidence that the practice observed in this jurisdiction is in accord with the conclusion heretofore stated in this opinion, viz., that the respondent in his pleading is properly limited to demurrer or answer. In none of the cases above listed is a motion to abate and dismiss such as appears in the present case approved as proper practice.

However, one case is cited by respondent, *State v. Donahue,* 91 Neb. 311, 135 N. W. 1030, in which a pleading employed and presented by the respondent was entitled, "Motion to Quash Information in *Quo Warranto.*" As to this the court in its opinion says in part: "A motion was filed by the respondent which was treated by the counsel and the court as a general demurrer to the information. This motion was overruled, and the respondent now contends that

this ruling was wrong and that the information fails to state any cause of action against the respondent," etc. The point thus raised in the *Donahue* case was finally determined by this court, the fourth paragraph of the syllabus relating thereto then adopted being as follows: "If the allegations of an information are indefinite, the remedy is by motion. A general demurrer will not be sustained if the information as a whole charges a wilful neglect of duty within the provisions of the statute."

It thus appears that the question so presented was disposed of by the court as involving a general demurrer.

The distinction between the situation in the *Donahue* case and the instant case arises in part from the fact that in the former case the "motion to quash" filed by the respondent was by unanimous consent treated by counsel and court as a general demurrer, and the question thereby raised by this pleading, so considered, was so determined. Here, the attorney general expressly refuses consent, and expressly demands that rules of practice applicable, and the provisions of our Code of Civil Procedure upon which they are based, be enforced. This is not a mere captious objection. The results of the two procedures involve fundamental differences. A demurrer sustained, the case still pends. *Larson v. Sloan*, 77 Neb. 438, 109 N. W. 752. The right of amendment is provided for (section 20-854), a refusal of which presents a question for judicial review. On the other hand, a "motion to abate and dismiss" sustained, the case ends. Amendments thereafter, if permitted, are allowed solely as a matter of judicial grace, and not of right.

In the absence of a rule of court permitting, or of a statute authorizing, or consent of parties in interest justifying, none of which is present in the instant case, we are not ordinarily permitted to regard and treat a motion to dismiss and a general demurrer as interchangeable.

The applicable rule has been stated by a text-writer in the following terms: "There is a distinction between the functions performed by a demurrer and a motion to strike out, or to expunge, or to dismiss, or to make more definite and

certain, or for judgment on the pleadings, or a statutory motion for a compulsory amendment, and they cannot be used interchangeably, though the same pleading may be open to attack both by motion and demurrer." 6 Standard Ency. of Procedure, 851. See, also, *Illinois Central R. Co. v. Adams,* 180 U. S. 28, 21 S. Ct. 251; *Littlefield v. Maine Central R. Co.,* 104 Me. 126, 71 Atl. 657; *Symons-Kraussman Co. v. Reno Wholesale Liquor Co.,* 32 Nev. 241, 107 Pac. 96; *Ellis v. Reddin,* 12 Kan. 306.

In the instant case, we have two motions to dismiss, each of which contains allegations of new facts and charges which, in effect, add to and modify the allegations contained in the pleadings against which they are directed. To accept and treat these motions as, in effect, general demurrers under the Civil Code of Procedure would require their treatment in all respects as such.

"The merits of a general demurrer to a petition must be determined from the allegations of the petition alone." *City Savings Bank v. Carlon,* 87 Neb. 266, 127 N. W. 161.

The new matter set out in these motions to "abate and dismiss," if they are to be considered as general demurrers, cannot be used to sustain them. More than this, its presence as an inseparable part of these pleadings, if such are to be construed to be in legal effect the equivalent of general demurrers, would constitute these pleadings "speaking demurrers" and require them to be overruled. 49 C. J. 423.

It follows, therefore, that, respondent having failed to answer or demur to the information in *quo warranto* as required by the provisions of our Code of Civil Procedure, the motions to abate and dismiss tendered by it are overruled, with permission to further plead within 20 days of the entry of this order, if so advised.

MOTION TO DISMISS OVERRULED.

CARTER, J., dissenting.

In my judgment, the motion to dismiss should have been treated as a demurrer. The opinion of the majority shows the futility of litigation when technical procedural rules are

permitted to impede rather than facilitate the final adjudication of disputed questions.