## UNITED STATES *v.* SAMPSON.

### APPEAL FROM THE SUPREME COURT OF THE DISTRICT OF COLUMBIA.

No. 273.   Petition for new parties submitted December 29, 1902.—Decided January 5, 1903.

Where a rear admiral of the United States Navy who has filed a libel in prize in his own behalf and also in behalf of all the officers and enlisted men in the Navy taking part in the engagement, dies, and his death has been suggested on the record, it is not necessary that the personal representatives of the deceased should come in or that any person should be designated *ex officio*, but the court may substitute any one interested in the prosecution of the litigation, who has personally appeared in the case.

THE case is stated in the opinion of the court.

*Mr. James H. Hayden,* for petitioners on this motion, appellees.

THE CHIEF JUSTICE. This libel in prize was filed by Rear Admiral Sampson in his own behalf and also in behalf of all of the officers and enlisted men of the United States Navy, who took part in the engagement off Santiago de Cuba on July 3, 1898, in the Supreme Court of the District of Columbia, and went to a decree of condemnation from which this appeal was prosecuted.

On May 19, 1902, the death of Rear Admiral Sampson was suggested by the Attorney General, and a motion made that

the cause proceed under its then caption and without the substitution of any other individual as a party, which was postponed to the hearing of the case on its merits.

That hearing has been had, and counsel, in aid of the court, have made application for the substitution of the administratrix of Admiral Sampson, and submitted considerations in respect of the substitution also of one or more officers, as, and if, deemed necessary.

We think some one to carry on the proceedings in the interest of all should be substituted, but that it is not necessary that the personal representatives of those who may have deceased should come in, or that any person should *ex officio* be designated. The matter is merely one of convenience and without significance in itself.

Rear Admiral Evans, Rear Admiral Taylor, Captain French E. Chadwick, and others are represented in the litigation by counsel; but Rear Admiral Schley and others are not. Of those so represented, Rear Admiral Evans is absent on a foreign station, while Rear Admiral Taylor is within the jurisdiction. It seems to us that the substitution of Rear Admiral Taylor will satisfactorily meet the exigency, and it will be

*Ordered accordingly.*