LIGON *v.* HAWKES *et al.*

*(Jackson.    April Term, 1903.)*

1. **WILLS.**  Setting aside probate.  Right to contest.

It is well settled that it is not a matter of course to set aside the
probate of a will; a stranger in blood to the testator will not
be permitted to disturb an existing probate.   Therefore one
who is not an heir or distributee of the testator at the time of
his death, and would not have been if those under whom he
claims had died before the testator, had no standing in court to
resist the probate of a will or have the probate in common form
set aside for the purpose of a contest.   (*Post, pp.* 518-520, 522-
523.)

Cases cited and approved:   Wynne v. Spiers, 7 Humph., 407;
Cornwell v. Cornwell, 11 Humph., 485; Bank of Tenn. v. Nelson,
3 Head, 637.

2. **SAME.**  Right to contest does not pass by inheritance or
descent.

The right to contest a will is a mere right of action in which
nothing can be properly recovered.   It is in no sense a property
right, neither can it be assigned nor pass by inheritance or
descent.   (*Post, pp.* 520-521.)

Cases cited and approved:   Morrison v. Deaderick, 10 Humph.,
343; Storrs v. St. Luke's Hospital (Ill.), 54 N. E., 185, 72 Am. St.
Rep., 215.

3. **SAME.**  Question reserved.

The court reserved the question as to whether a grandson, or
other lineal descendant, would be entitled to contest the will
of his grandfather or ancestor where the son or daughter of the

Ligon v. Hawkes.

testator, through whom the claim is made, survived him, but died before the contest could be or was begun. (*Post, pp.* 521-522.)

4. **SAME.** Case in judgment.

The testatrix, by last will and testament, devised her property to her granddaughter, with remainder to another in the event of the granddaughter's death before majority. After the death of the granddaughter who had taken under the will, and who died before majority, the son-in-law of the testatrix, who was the father of the granddaughter, filed a petition in the county court against the contingent remainderman, and the administrator with the will annexed of the testatrix, charging that said testatrix was without testamentary capacity and for this reason asking that the probate in common form of her will be set aside, and claiming all the property disposed of by said will, as the only heir at law of his daughter, who would have inherited all the property of her grandmother, the testatrix, had she died intestate.

*Held*: The father of the granddaughter being a stranger in blood to the testatrix, and being wholly incapable of inheriting from her even if the grandmother had been dead at the date of the death of the testator, had no such interest as entitled him to have the probate in common form set aside or to question the testamentary capacity of the testatrix. (*Post, pp.* 516-523.)

. FROM OBION.

Appeal from Circuit Court of Obion County.—R. E. MAIDEN, Judge.

SWIGGART & SPRADLIN and MOORE & WELLS, for Ligon.

RICE A. PIERCE & SON and J. G. SMITH & SON, for Hawkes *et al.*

MR. JUSTICE SHIELDS delivered the opinion of the Court.

Mrs. Sallie McMurray died March 5, 1889, in Obion county, leaving a will devising her entire estate, consisting of an undivided one-half interest in a valuable tract of land in that county, owned by her and plaintiff, E. H. Ligon, as tenants in common, to her granddaughter, Sallie Henrietta Ligon, and her issue, with remainder in fee to Henrietta McMurray Hawkes, in the event the said Sallie Henrietta Ligon should die without issue before she arrived at the age of 21 years.    Sallie Henrietta Ligon was then about four years old, and the only child of E. H. Ligon by the only daughter and child of Mrs. McMurray; and Henrietta McMurray Hawkes was then about five years of age.    The will of Mrs. McMurray was admitted to probate in April, 1899, and, the executor named therein declining to qualify, R. M. Morris was appointed administrator of her estate with the will annexed at the instance of E. H. Ligon, who became his surety upon his bond as administrator.    Some weeks after the probate of the will, E. H. Ligon filed his petition in the county court of Obion county against Sallie Henrietta Ligon and Henrietta McMurray Hawkes, for

the purpose of having the land owned by them and himself partitioned.

The partition was made, title divested and vested and writs of possession awarded to place the plaintiff and Sallie Henrietta Ligon in possession of their respective shares. E. H. Ligon was afterwards appointed guardian for his daughter, and managed and controlled her share until March, 1902, when she died unmarried and without issue, leaving her father, E. H. Ligon, her sole heir at law.

Thereupon the petition in the case was filed by E. H. Ligon against Henrietta McMurray Hawkes and R. M. Morris, administrator of Mrs. McMurray, in the county court of Obion county, stating the death of Mrs. McMurray, and the probate in common form of her will; that Sallie Henrietta Ligon was her only heir at law and distributee, and inherited all the property of which her grandmother died seized and possessed, and had died without issue, and that petitioner, E. H. Ligon, was her father and only heir at law and distributee, and entitled to all the property which she inherited from her grandmother. It is further charged that Mrs. McMurray, at the time she made the will admitted to probate, was of unsound mind, and without testamentary capacity, and that for this reason said will was void.

The prayer of the petition is for process, and that probate of the said will be set aside, and the original certified to the circuit court of Obion county that an issue

may there be made and tried to test its validity. The defendants R. M. Morris, in proper person, and Henrietta McMurray Hawkes, by her guardian *ad litem,* answered, admitting the relationship of the parties, the death of Mrs. McMurray, and the probate of her will, and the death of Sallie Henrietta Ligon, without issue, but denying the right of the plaintiff to have the probate of the will set aside for the purpose of a contest on the ground that he was not interested in the estate of the testatrix. They also charge that the object and purpose of the petitioner, E. H. Ligon, in contesting the will of Mrs. McMurray is to recover for himself, as heir at law of his daughter, the land partitioned to her and the defendant Henrietta McMurray Hawkes in the suit in the county court. The case was decided adversely to the defendants by the county court and the circuit court of Obion county upon an appeal to the latter, and is now before this court upon an appeal in the nature of a writ of error.

We are of opinion that the defense interposed in behalf of the defendants should have been sustained, and the petition dismissed.

No one except those directly interested in the estate of a decedent has the right to call in question the validity of his or her will. E. H. Ligon was not related to Mrs. McMurray in any other way than as a son-in-law, and this relation was dissolved before her death by the death of the daughter and wife. When Mrs. McMurray died he had no interest in her estate as

heir or distributee. At no time could he have inherited anything from her in his own right. He was a stranger in blood and estate.

The general rule in Tennessee is that only those will be allowed to contest the validity of a will who are directly interested as heir or distributee in the estate, and they must show their interest when appearing to contest the probate when the will is first presented for that purpose, or when appearing afterwards to have the probate in common form set aside, and the will certified to the circuit court for an issue of *devisavit vel non*.

In an early case, it was said by this court: "It is well settled that it is not a matter of course to set aside the probate and re-probate a will. It would be of most mischievous consequences·if it were so. A stranger will not be permitted to disturb the existing probate. A kinsman, who is not the nearest of kin, and who could take nothing under the statute of distribution, if there were no will, shall not disturb it." *Wynne* v. *Spiers,* 7 Humph., 407.

In another case, in which the petitioner merely stated that the deceased was his grandfather, without showing that his own father was not living, it was held that the petitioner failed to present a case entitling him to have the probate of the will in common form set aside for the purpose of a contest, and his petition was dismissed upon the·ground that he did not appear, upon his own showing, to be interested in the estate of the testator.

*Cornwell* v. *Cornwell,* 11 Humph., 485. It has also been held by this court that the creditor of a son of the decedent cannot contest the will of the father. In that case it is said: "We think the complainant does not occupy a position to question the validity of the probate on the ground assumed. The will has been proved in a court of general jurisdiction of these subjects. No one, without an interest in the estate, can contest the will or call for a re-probate. The complainant is only a creditor of one of the devisees, and can only act upon his rights. The debtor is content with the will, chooses to avail himself of no objection to it that may exist, although it reduces a fee in the land to which he would be entitled by law to a remainder interest. If he acquiesces in its validity by waiving his right to object and contest it for the incompetency of objecting witnesses, or on any ground, how can his creditor, who has to pass through him to reach the property, make the objection for him?" *Bank of Tennessee* v. *Nelson,* 3 Head, 637.

An Alabama case is cited as holding otherwise. We have not been furnished with this case, but from a reference to it in a textbook examined we infer it is based upon a statute of that State.

The supreme court of Illinois has taken the same view of this question as this court. In a late case decided by that court, citing several previously determined, it is said: "The right to file a bill which existed in Geo. M. Storrs did not descend to the appellant, Emory A. Storrs. Geo. M. Storrs had the bare right to

establish title by successfully contesting the will. That right was not assignable. If it was not assignable by a conveyance or written transfer, it could not pass by inheritance or descent." *Storrs* v. *St. Luke's Hosp.* (Ill.), 54 N. E., 185, 72 Am. St. Rep., 215. The right of Sallie Henrietta Ligon to contest the will of her grandmother for want of testamentary capacity was not a property right. It was a mere right of action, in which nothing could or can be directly recovered. It could not be assigned by her when in life, because the assignee would not, by virtue of the assignment, take or acquire title to anything; and it would also partake of champerty and maintenance, and be contrary to public policy. For the same reasons it is not a right that can be inherited. It is not land, and did not descend to her father under the statutes of descent. It is not personal property, and, if it were, the title would be in her administrator, and not her distributee, and the latter could not maintain this action in his own name. The policy of the law is against the transfer of mere rights of action.

In the case of *Morrison* v. *Deaderick,* 10 Humph., 343. Judge McKinney, announcing the opinion of this court, said: "It is laid down (Story on Eq., sec. 1040), that an assignment of a bare right to file a bill in equity for fraud committed upon the assignor will be held void as contrary to public policy, and as savoring of the character of maintenance.

"In the case cited in the note (*Prosser* v. *Edmonds*) Lord Abbinger says that, where an equit-

able interst is assigned in order to give the assignee a *locus standi* in a court of equity, the party assigning said right must have some substantial interest, some capability of personal enjoyment, and not a mere right to overset a legal instrument, or to maintain a suit."

It is not necessary to here decide whether a grandson or lineal descendant would be entitled to contest the will of his grandfather or ancestor, where the son of the testator, through whom claim is made, survived him, but died before the contest to be or was begun, although we would be inclined to hold that they could, since the grandson or other descendant would have taken as heir and distributee from the ancestor, had the father or party under whom claim is made died first. This would be reasonable and just, and tend to preserve the inheritance to the heir, and the natural order of things. But there is no reason for holding that one who never could at any time inherit from the testator should have the right to institute an action to contest his will. We know of no rule of common law which secures to him such right, and we have no statute upon the subject. To so hold would be to open the door to fraud, and subject devisees to the danger of loss of their estates at the suit of strangers, whom the testators never contemplated as objects of their bounty. In the present case, if E. H. Ligon's right to contest this will could be sustained, and he should die, his heirs at law and their heirs at law,

Ligon v. Hawkes.

to the remotest generation, would have the same right, and thus interminable confusion and uncertainty of titles and intolerable injustice would follow.

We are therefore of opinion that one who is not an heir or distributee of the testator at the time of his death and would not have been if those under whom he claims had died before the testator, has no standing in court to resist the probate of a will, or to have the probate in common form set aside for the purpose of a contest, and therefore that E. H. Ligon cannot maintain this petition.

The judgment of the circuit court is reversed, and the petition dismissed.