Posey v. Posey.

DAVID POSEY *v.* BENJAMIN M. POSEY.

(*Knoxville.*   September Term, 1904.)

1. **ABATEMENT AND REVIVOR.** Actions abate and cannot
   be revived upon defendant's death, if cause of action does not
   survive or continue.

   All actions, appeals, or writs of error, abate upon the death of
   the defendant, and cannot be revived for any purpose what-
   ever, if the cause of action does not survive or continue.

   Code cited and construed:  Secs. 4568, 4569, 4575 (S.) ; secs. 3559,
   3560, 3566 (M. & V.); secs. 2845, 2846, 2854 (T. & S. and 1858).

2. **SAME.** Same. Inquisition of lunacy does not survive de-
   fendant's death, not even as to cost; case in judgment.

   In a proceeding instituted to have a defendant declared a lunatic
   and to have a guardian appointed for him and his property,
   the cause of action does not survive or continue after the death
   of the defendant, not even for a determination as to whether
   the costs shall be adjudged against the defendant's estate.

---

FROM CLAIBORNE.

---

Appeal from the Circuit Court of Claiborne County.
—C. J. ST. JOHN, Judge.

HUGHES & HUGHES, for plaintiff.

JOHN P. DAVIS, for defendant Marion West.

PAUL E. DEVINE, for other defendants.

MR. CHIEF JUSTICE BEARD delivered the opinion of the Court.

This proceeding was instituted to have defendant declared a lunatic and to have a guardian appointed for him and his property. Upon filing the petition in the county court inquisition issued, and a jury was summoned. Upon trial the jury rendered the verdict as follows: "That he is a person of unsound mind to the extent that he is easily influenced and feeble in body, and incapacitated so that he lacks ability for government of himself and property." Upon this verdict the county court adjudged that the defendant was a person of unsound mind, but did not appoint a guardian. The defendant thereupon appealed to the circuit court. That court reversed the judgment of the county court, and the petitioner appealed to this court. Pending the appeal the defendant died. At the last term of this court the death of the defendant was suggested. At the present term the petitioner has moved the court to revive the case against the administrator of the estate of the deceased, who resists this motion, and now countermoves the court that the case be abated on the ground that the cause of action did not survive the death of the defendant. The sole question before the court is whether the suit can be revived for any purpose whatever. It is conceded that, in so far as the mental condition of the deceased defendant is involved, his death put an end to that question; but it is insisted that, as costs have accumulated in the progress of the

cause, which in the reversal of the case were adjudged against the petitioner and his sureties, they have a right, under the statute, to have this case revived in order to have the judgment of this court upon the reversal ordered by the circuit judge. The right to a revivor is rested upon two sections of Shannon's Code, the first of which is 4569, as follows: ''No civil action commenced whether founded on wrongs or contracts, except actions for wrongs affecting the charcter of the plaintiff, shall abate by the death of either party but may be revived.'' It is said in argument that the present is a civil action ''commenced'' before the death of the defendant, not within the excepted clause, and is therefore subject to revivor.

The other statutory provision is found in section 4575, which is as follows: "No appeal or writ of error in any cause or court shall abate by the death of either plaintiff or defendant but may be revived by or against the heir, personal representative or assign under the foregoing rule." It is insisted that this provision applies to the present status of this case, and in express terms provides for its revival. At any rate, it is urged that these sections are broad enough to cover this case, and should be construed so as to give the petitioner and his sureties an opportunity for a review of this judgment, which charges them with the costs of the cause. Sections 4569 and 4575, relied on by petitioner, are parts of an article 2 of chapter 7 of Shannon's Code. This chapter is entitled "The Abatement of Actions." Section 4568 consti-

Posey v. Posey.

tutes article 1 of this chapter, and is in these words: "Actions do not abate by death, marriage or other disability of either party, or by the transfer of any interest therein if the cause of action survives or continues." Immediately following is article 2, entitled "By Death of Parties," and in this article are found the two sections relied upon in this motion to revive. We think all the sections of that article are to be construed in the light afforded by section 4568, just quoted, and whether the particular action survives or abates in whatsoever court it may be depends entirely upon whether the cause of action survives or continues. If the cause of action does not survive, then the suit abates. It is clear that the cause of action in the present case does not survive, and it follows we think, necessarily, that this motion to revive is not well taken.

The motion to abate is sustained.