## In re HERRMANN'S ESTATE.

### (Surrogate's Court, New York County. July 2, 1915.)

WILLS ⬩218—PROBATE—ABATEMENT—DEATH OF PARTIES.

A proceeding to probate a will does not abate because of the death of heirs at law and next of kin before the entry of the decree, and such decree is binding upon the personal representatives who have voluntarily appeared and submitted to the jurisdiction of the court.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 504, 526; Dec. Dig. ⬩218.]

On proceedings to probate the will of Magdalena Herrmann, contested by George Herrmann. On application by proponents to set aside a decree denying probate. Application denied.

See, also, 154 N. Y. Supp. 1126.

Gustav Goodmann, of New York City, for the motion.

John B. Quintin, of New York City (James W. Osborne, of New York City, of counsel), opposed.

FOWLER, S. This is an application by the proponent to set aside the decision heretofore rendered and the decree entered thereon in the proceedings brought to probate a paper purporting to be the last will and testament of the decedent. The decision was filed on the 22d of November, 1914, and the amended decree was entered on the 16th of March, 1915. George Herrmann, one of the heirs at law and next of kin of the decedent, and the only one who filed objections to the probate, died after the trial, but before the decision of the court was filed. Edward Herrmann, who was an heir at law and next of kin, died before the filing of the decision. Subsequently to the date upon which the decision was filed, but before the entry of the decree, the personal representatives of Edward Herrmann and George Herrmann voluntarily appeared in the proceeding and filed a notice of appearance in accordance with the rules and practice of this court. A decree was entered on March 9, 1915, in accordance with the decision of the court, and this decree recited the death of Edward Herrmann and George Herrmann during the pendency of the proceeding and the appearance of their personal representatives. This decree was subsequently amended upon the motion of the attorneys for the proponents, but no objection was made on the ground that the representatives of the deceased heirs at law and next of kin were not brought in by order of the court.

A probate proceeding does not abate because of the death of the contestant or the executor or any of the next of kin; the surrogate must take proof and determine whether the paper purporting to be the last will and testament of the decedent is entitled to probate. Van Alen v. Hewins, 5 Hun, 44. Therefore the proceeding to probate the paper purporting to be the last will and testament of Magdalena Herrmann did not abate because of the death of Edward Herrmann and George Herrmann before the entry of the decree. As their personal

representatives voluntarily appeared in the proceeding and submitted themselves to the jurisdiction of the court, the decree of the court is binding upon them. Brick v. Brick, 66 N. Y. 144. All the parties having been before the court at the time the decree was entered, the surrogate had jurisdiction to make the decree denying probate to the paper propounded as the last will and testament of the decedent.

The application of the proponent to vacate the decree is therefore denied.