State ex rel v. Brooks.

STATE *ex rel* WILKES *et al. v.* J. B. BROOKS.

(*Nashville*. December Term, 1917.)

**ABATEMENT AND REVIVAL. Ouster of official. Death pending appeal.**

Where the court decreed in favor of an official in a proceeding under the Ouster Law (Thomp. Shan. Code, section 1166a37 et seq.), and the officer died pending the appeal, and there was no suspension from office, and the proceeding concerned nothing but the qualification of the deceased, the supreme court must allow a motion of the personal representatives for an order to abate the cause.

Cases cited and approved: Posey v. Posey, 113 Tenn., 588; McBee v. McBee, 48 Tenn., 558; Gantt v. Brown, 244 Mo., 271; People v. Kemppainen, 163 Mich., 186; State v. Gower, 73 Neb., 304; Carney v. Carney, 137 Tenn., ——.

Code cited and construed: Sec. 1166a37 (T.-S.).

FROM MAURY.

Appeal from the Circuit Court of Maury County. —W. B. TURNER, Judge.

THOS. H. PEEBLES, for relator.

J. H. DINNING and HUGHES & HUGHES, for appellee.

Mr. Justice Williams delivered the opinion of the Court.

This is a proceeding brought under the Ouster Law (Thompson's Shannon's Code, section 116a37 et seq.) to have Brooks removed from the office of justice of the peace. The Circuit Judge decreed in favor of Brooks, and the relators appealed. Pending the appeal Brooks died, and his death has been suggested and admitted of record. Thereupon the attorney of record and the personal representatives of Brooks entered a motion for an order to abate the cause because of said death following final decree in the court below. The motion is resisted by the appealing relators.

The motion must be allowed. The ouster proceeding, there having been no suspension of Brooks from office, concerned a purely personal *status*—the qualification of Brooks to hold office. His death has effectuated the very end which it was the purpose of the proceeding to accomplish. Brooks has been removed from life by the Highest Power, and no decree that this court can render would be of any avail, since his office is already vacant.

It was held in *Posey* v. *Posey*, 113 Tenn., 588, 83 S. W., 1, that in a proceeding respecting the merely personal *status* of the one proceeded against, in an inquiry as to his lunacy, the cause of action did not survive the defendant's death, so as to make the proceeding revivable even to determine who should pay accumulated costs or for any purpose whatever. It was said that, if the cause of action itself does not

138 Tenn.—43

survive, the suit necessarily abates upon that person's death.

Another instance is furnished by divorce cases where the marital *status* of two persons is involved. The death of either leaves no cause of action to persist. The suit therefore abates; and even in case of death after entry of a decree for divorce, merely, a writ of error will not lie to review the decree. *McBee* v. *McBee,* 1 Heisk. (48 Tenn.), 558.

The same is true of other cases which relate to personal *status*. *Gantt* v. *Brown,* 244 Mo., 271, 149 S. W., 644, Ann. Cas., 1913D, 1283; *People* v. *Kemppainen,* 163 Mich., 186, 128 N. W., 183, 30 L. R. A. (N. S.), 1166.

It has been held, in an ouster suit, that the death of the official proceeded against (where the relator appealed from the decree in favor of the official) gave no occasion for a revivor against his successor in office (*State* v. *Gower,* 73 Neb., 304, 102 N. W., 674), evidently on the idea of abatement.

We think the suit abates where there had been no suspension of the official, and therefore there is no claim on the part of his representatives to loss of salary as one involving a property right. It may be that the official's personal representative might revive in such case, in conformity to the rule in divorce cases where alimony in property absolutely vested is involved. *McBee* v. *McBee,* supra; *Carney* v. *Carney,* 138 Tenn., 647, 200 S. W., 517. But this case presents no such question for adjudication.

Here there is not a single factor that would lend itself to survivorship, or the principles that govern it. There is nothing that could survive as a cause of action against the personal representatives of the deceased or his successor in office.

Order will go accordingly.