B. F. SHARPE et al. v. R. J. SHARPE et al.

Middle Section. July 13, 1928.

No Petition for Certiorari was filed.

Walter S. Faulkner and Frank McMillan, of Lebanon, for appellants.

Louis Chambers, Jno. J. Hooker and Lillard Thompson, all of Lebanon, for appellees.

FAW, P. J. This is an inquisition of lunacy instituted in the Chancery Court of Wilson county and brought to this court by appeal of the complainants from the decree of the chancery court. The complainants are sons of the defendant R. J. Sharpe, and it is alleged that defendant R. J. Sharpe is the owner of property described in the bill, worth approximately $10,000; that he is a person of unsound mind and has not capacity sufficient for the government of himself and his property, and that unless a guardian is appointed to take charge of his estate it will suffer irreparable injury.

A jury of inquest was summoned and sworn and, after hearing evidence, returned a verdict, in substance, that the defendant was a person of unsound mind and without sufficient mental capacity to care for himself or his property, and that he had an estate of the value of about $6000.

The Chancellor overruled a motion on behalf of defendant for a new trial, but also overruled a motion on behalf of complainants for the appointment of a guardian to take charge of the property of defendant R. J. Sharpe, and dismissed the bill at the cost of the complainants.

The complainants excepted to the action of the chancery court (1) in refusing to appoint a guardian for R. J. Sharpe, and (2) in dismissing the bill, and from the decree in the two particulars just mentioned complainants prayed, obtained and perfected an appeal to this court upon the technical record alone.

When the case was first reached and called for hearing in this court, and oral argument of counsel had been heard, this court reached the conclusion, and was of the opinion, that the case should have been appealed from the chancery court to Supreme Court, and that this court was without jurisdiction to entertain the appeal. Thereupon an order was made and entered transferring the case to the Supreme Court where it came on for hearing in due course, and was by the Supreme Court transferred back to this court, the Supreme Court being of the opinion that the appeal was properly taken from the chancery court to this court.

Since the case was re-docketed in this court and before it was reached for hearing the defendant R. J. Sharpe died, and the solicitors of record for defendant have suggested and proved his death and filed letters of administration showing the appointment and qualification, in and by the County Court of Wilson county, of W. H. Hunter as administrator of the estate of said R. J. Sharpe, deceased, and on behalf of said administrator, they have presented a motion to abate the suit on the ground that the cause of action did not survive the death of the defendant R. J. Sharpe.

The motion thus made must be sustained. The sole matter of controversy in the case, when it was appealed to this court, was the right and duty of the court to appoint a guardian for R. J. Sharpe, and his death has necessarily put an end to that controversy. Posey v. Posey, 113 Tenn., 588, 83 S. W., 1; State ex rel. v. Brooks, 138 Tenn., 672, 200 S. W., 823.

The administrator of the deceased defendant is the proper party to move for an order of abatement. Posey v. Posey, supra; State ex rel. v. Brooks, supra.

And in such case the appellate court will not retain jurisdiction merely for the adjudication of costs. Posey v. Posey, supra; State ex rel. v. Bush, 141 Tenn., 229, 208 S. W., 607; Paul L. Horne v. Peoples Finance & Thrift Co., et al., 157 Tenn., 168, 7 S. W. (2d) 40.

The appellants (complainants below), through their solicitors of record, are resisting the motion to abate. They insist that, inasmuch as the case had been taken up for trial on the regular call of the docket, and full argument of counsel had been heard, before the order was made transferring the case to the Supreme Court, the ruling in McLean v. State et al., 8 Heisk., 23, 288, applies here.

In the case last cited, a defendant died after the case had been heard on the merits and taken under advisement by the Supreme Court, and it was held that the court would proceed to judgment without notice of the intervening death, but that there could be no levy of execution upon the effects of the intestate without revivor of the judgment against his personal representative.

The theory upon which appellants invoke the ruling in the McLean case, supra, is that, in contemplation of law, the instant case has been on the docket and in the breast of this court since it was first heard here. We do not think this position is tenable. To sustain it would necessarily involve the conclusion that the order of this court· transferring the case to the Supreme Court was not merely erroneous but was an absolute nullity. By virtue of the Act of 1925, Ch. 100, Sec. 10, this court is vested with jurisdiction to determine whether a case appealed to this court has been "removed by mistake to the wrong court," and if, in the exercise of that jurisdiction, it orders a case transferred to the Supreme Court, such order is valid until reversed by the Supreme Court. 15 R. C. L., pp. 859-862, Sections 334-335. It is an obvious conclusion from the premise just stated that the case was not "under advisement" by this court, or "in the breast" of this court, at the time of the death of defendant R. J. Sharpe.

Moreover, the cause of action in the case of McLean v. State et al., supra, was one which survived the death of the defendant and was revivable against his personal representative. In the case of J. M. Fleming v. Mrs. Belle Thomas, at Knoxville, on August 6, 1921, the Court of Civil Appeals held that the suit abated on the death of the defendant, which occurred after the case had been heard and taken under advisement by the court and before judgment, for the reason that the cause of action in that case did not survive the death of the defendant.

The bill in the latter case was filed by J. M. Fleming against Mrs. Belle Thomas to obtain the custody and control of the complainant's infant daughter, then in the custory of the defendant, the latter being the maternal grandmother of the child. In the opinion in that case it is said: "It is obvious that death has forever ended this litigation, insofar as it involved a controversy between complainant Fleming and defendant Mrs. Belle Thomas relative to the custody of the child, Ruth Fleming. It is also clear enough, we think, that the suit abated, without the possibility of revivor, upon the death of the defendant Mrs. Belle Thomas. Her asserted right to the custody of her said grandchild was a personal right which was not descendible or transmissible, and did not pass to her personal representative or heir at law; and the same may be said with reference to the asserted right of the complainant to the custody of said child. The cause of action, therefore, did not survive or continue after the death of one of the parties. Posey v. Posey, 113 Tenn., 588. . . . The suit of. complainant J. M. Fleming is abated, and a decree will be entered accordingly."

We are of the opinion that the holding in Fleming v. Thomas, supra, is sound, and that the present suit should be abated, with-

out regard to whether the defendant R. J. Sharpe died before or after the case was heard and taken under advisement by the court.

The motion to abate is therefore sustained, and an order will be entered abating the suit accordingly.

Crownover and DeWitt, JJ., concur.