ADRA WINTERS *v.* AMERICAN TRUST COMPANY, EXECUTOR.

(*Nashville.* December Term, 1928.)

Opinion filed, March 16, 1929.

PITTS, McCONNICO & HATCHER and BAILEY & DAVIES, for plaintiff in error.

BASS, BERRY & SIMS and JOHN E. FISHER, for defendant in error.

MR. JUSTICE SWIGGART delivered the opinion of the Court.

In July, 1927, the American Trust Company, as executor, instituted proceedings in the county court of Davidson County to probate in solemn form the will of Mrs. Emily C. Winters, who died June 3, 1927; tendering with its petition the original will, in which the American Trust Company was named as executor.

The petition for probate disclosed that Mrs. Winters was survived by two sons, Jesse T. Winters and William M. Winters, and by two daughters of a deceased daughter; said four persons constituting her heirs at law and next of kin. The will devised real and personal property to the American Trust Company, as trustee, for the benefit of the children of the testatrix for life, with remainder to the grandchildren of the testatrix.

In August, 1927, William M. Winters and Jesse T. Winters filed their petition in the county court, resisting the probate of the purported will, upon grounds of undue influence and testamentary incapacity, and asked that the record and purported will be certified to the circuit court of Davidson County, for trial upon an issue of *devisavit vel non*.

Pursuant to the petition and notice of contest filed by Jesse T. and William M. Winters, the purported will and record of the county court were certified to the circuit court of Davidson County in September, 1927.

The minutes of the circuit court recite that on March 19, 1928, the death of Jesse T. Winters was suggested and admitted. This order further recites that Jesse T. Winters died without issue, and that he was survived by a widow, Adra Winters, who had duly qualified and was acting as executrix of the will of Jesse T. Winters, which had been probated in the county court of Davidson County.

On March 31, 1928, Mrs. Adra Winters, individually and as executrix of the will of her deceased husband, Jesse T. Winters, offered her petition in the circuit court, reciting the facts hereinbefore stated, and asking that she be permitted to become a party to the cause, both individually and as executrix, etc., and that she be permitted to contest the will of Emily C. Winters.

The petition of Adra Winters shows the date of the death of Jesse T. Winters as February 2, 1928, subsequent to the certification of the county court record to the circuit court. It exhibits a certified copy of the will of Jesse T. Winters, in which Adra Winters, the petitioner, was named as sole legatee and devisee of all the property of Jesse T. Winters.

The petition avers that William M. Winters has five living children, who would share in the distribution of the estate of Emily C. Winters at the termination of the trust, and that since the death of Jesse T. Winters, William M. Winters has concluded not to resist the probate of the will of Emily C. Winters, and that the executor now proposes to probate the will in solemn form, without objection of any party to the cause.

It is averred that if this is done, petitioner will be concluded, and thereby deprived of her asserted right to one-third of the estate of Emily C. Winters, which would

go to her deceased husband if the will of his mother should fail of probate.

The petition of Adra Winters further recites an earlier will of Emily C. Winters, wherein Jesse T. Winters was given one-third of her estate in fee; the same interest which he would take as heir and distributee if Emily C. Winters had died intestate.

The petition prays that petitioner be permitted to present this will of Emily C. Winters for probate as the true last will and testament of Emily C. Winters.

(1) This prayer of the petition could not have been granted by the circuit court, since the county court has exclusive jurisdiction of a petition for the probate of a will, in the first instance. *Murrell* v. *Rich,* 131 Tenn., 378, 397-404; *Lillard* v. *Tolliver,* 154 Tenn., 304.

On March 31, 1928, an order was entered on the minutes of the circuit court again reciting the death of Jesse T. Winters on February 2, 1928, leaving no children or issue surviving him, and that the executor then moved that the cause be abated as to Jesse T. Winters; that at the same time Adra Winters, widow of Jesse T. Winters, individually and as executrix of his will, moved that the cause be revived as to Jesse T. Winters; and also presented her petition, above referred to, asking permission to file it for the purpose of reviving the cause, and also for the purpose of individually and as executrix being made a party defendant in order that she may contest the proposed will of Mrs. Emily C. Winters.

The circuit court overruled the motion of Adra Winters, denied her motion to be allowed to file her said petition, sustained the motion of the executor to abate the suit as to Jesse T. Winters, and ordered that the cause

should "stand for trial with William M. Winters as the sole defendant in said cause."

From this action of the circuit court Adra Winters prayed and was granted an appeal in the nature of a writ of error to this court.

(2) Although the case is still pending in the circuit court of Davidson County, for the probate of the will in solemn form, no question has been made as to whether the appeal was properly taken and granted. It has been ruled that the right of a contestant to resist the probate of a will is a preliminary matter, presenting a separate and distinct issue from the issue of *devisavit vel non,* and that an appeal in the nature of a writ of error may properly be taken and granted from a judgment sustaining or denying the right to contest. *Napier* v. *Church,* 132 Tenn., 111; *Shaller* v. *Garrett,* 127 Tenn., 665; *Cowan* v. *Walker,* 117 Tenn., 135. *Bozeman* v. *Naff,* 155 Tenn., 126, seems to authorize the appeal in error, notwithstanding the pendency of the cause in the circuit court as to other parties.

For the defendant in error, the executor named in the proposed will, it is contended that the right to contest the validity of the will or to resist its probate was a right personal to Jesse T. Winters, which did not survive his death, nor pass by his will or otherwise to his widow, a stranger in blood to the testatrix, Emily C. Winters, for which *Ligon* v. *Hawkes,* 110 Tenn., 514, is cited.

It is next contended that the order of abatement as to Jesse T. Winters was proper and necessary, because the right of revivor is controlled by Shannon's Code (all editions), sections 4568, 4569 and 4575, which sections were construed by this court in *Posey* v. *Posey,* 113 Tenn., 588, as authorizing a revivor only in cases in which the

cause of action survives, and requiring an order of abatement as to a deceased plaintiff in all other cases. In other words, it is contended that the holding in *Ligon* v. *Hawkes,* that the right to contest the validity of a will is a personal right which does not survive the death of a party possessing it, and the holding in *Posey* v. *Posey,* that no action commenced can be revived unless predicated upon a cause of action which survives the death of a party, are conclusive of the correctness of the action of the circuit court herein.

We are not able to conclude that the rights of the plaintiff in error are controlled by the authorities cited.

*(3)* The executor, named in the proposed will, instituted the proceeding for its probate in conformity with a duty imposed by law, which it could only avoid by renunciation of the appointment in the county court. *Harris* v. *Trust Co.,* 128 Tenn., 573, 579.

*(4)* Notice of contest having been entered in the county court by one "interested," and the proceedings having been certified to the circuit court for trial on the issue *devisavit vel non,* it is required by public policy that the case proceed to a determination of that issue, and the contestants would not be permitted to withdraw or abandon the contest, over the objection of the proponent, and thereby prevent the determination of the issue. *Larus* v. *Bank of Commerce & Trust Co.,* 149 Tenn., 126, 147-148; citing *Collins* v. *Collins,* 125 N. C., 98; 34 S. E., 195.

*(5)* Nor should the proponent be permitted to withdraw or give his consent to an abandonment of the contest, and so terminate the proceeding in the circuit court save for good cause, addressed to the discretion of the court, when there has been no previous probate in the county court in common form. "Public policy demands

that the court should shorten, as far as possible, litigations, lest the estate should be more or less absorbed as a result of expensive court costs and other expenses of litigation." *Lillard* v. *Tolliver,* 154 Tenn., 305, 315.

*(6)* Although the proceeding is instituted in the county court, and is certified to the circuit court after contest is entered, the proceedings in the circuit court are original and not merely appellate. The probate, after contest, is in the circuit court. *Murrell* v. *Rich,* 131 Tenn., 378; *Lillard* v. *Tolliver, supra; Patton* v. *Allison,* 26 Tenn. (7 Humph.), 320, 328.

The *status* of the will when it is presented to the county court, and while there awaiting judgment, determines the jurisdiction of the court. If it is there contested by one entitled to contest it, "jurisdiction of the circuit court *ipso facto* attaches to the subject-matter of the contest." *Murrell* v. *Rich,* 131 Tenn., 378, 398.

*(7)* The proceeding for probate in the circuit court is not an action between parties. It is a proceeding *in rem,* "involving the distribution of the *res,* the estate." *Lillard* v. *Tolliver.* It is "practically a direct proceeding looking to placing a testator's property in the hands of his executors, and adjudging that all others, including administrators having it is possession, should surrender it to the executors for administration." *Murrell* v. *Rich, supra,* quoting from Re Mears' Estate, 75 S. C., 482, 56 S. E., 7, 9 Ann. Cas., 960.

"Proceedings for the probate of a will are not a civil action, but a judicial inquiry to ascertain whether the instrument before the court is the last will and testament of the deceased." 28 Ruling Case Law, p. 367. An early construction of our statute providing for the probate of wills and the mode of contesting their validity,

*Hodges* v. *Bauchman*, 16 Tenn. (8 Yerg.), 186, 189, clearly supports the text just quoted and recognizes the public interest in the proceedings. The court said:

"The act does not speak of parties plaintiff and defendants—no such idea was in the minds of the legislature; it was made the duty of the court of probate to ascertain whether the will had been duly executed, without reference to the individuals interested in the result of admitting the will to record; the court was bound to act upon the subject-matter, and to settle title to the property, late of the testator, left without an owner. The interests of society admitted of no delay. If any one or more, interested in the result, objected to the validity of the will, then the court was ordered by the statute to make up an issue, will or no will, and try the fact before a jury, minding to examine all the living witnesses to the will, and to hear such other proofs as those interested might adduce, and, according to the finding of the issue by the jury, record the will or reject the paper presented as such. But this was a proceeding for the ends of justice of a public nature, and conclusive on the world."

*(8)* The circuit court is vested with control of the advent and withdrawal of parties litigant. *Lillard* v. *Tolliver, supra*. It is not essential that there be privity between parties proponent or contestant who are permitted to become parties after the issue is made and the original parties whom they may succeed. In *Linch* v. *Linch*, 69 Tenn. (1 Lea), 527, there was a judgment in the circuit court sustaining the will. This court awarded a writ of error to a child and grandchild of the testator who had not appeared and had not been named as parties in the circuit court, the opinion not stating whether the father

of the grandchild, who was permitted to contest the will, died before or after the testator.

"Being a proceeding *in rem,* both parties are actors, and, in the strict sense, none are defendants, sued and made parties against their will." *Patton* v. *Allison,* 26 Tenn. (7 Humph.), 319, 329.

*(9)* The authorities cited clearly demonstrate the inapplicability of general statutes, designed and intended to avoid the abatement of actions at law and in equity on account of the death of a party, to a proceeding for the probate of a will. If the proponent die, pending determination of the issue *devisavit vel non,* another having the requisite interest in the probate of the will may be substituted in his stead, and so as to a contestant. And if the person named as executor and sole beneficiary should die pending the issue, leaving next of kin and heirs at law, would it not be said that the court of probate, having acquired jurisdiction of the *res,* would proceed to judgment? If a party proponent be necessary, in such event, we think the next of kin or heir at law of the original proponent would from necessity be permitted to propound the will for probate, although not a party in interest at the date of the death of the testator. Jurisdiction of the *res* attaches when the will is propounded in the first instance by a person authorized to do so. *Patton* v. *Allison,* 26 Tenn. (7 Humph.), 329, citing Mss. opinion in *Thurston* v. *Kercheval.*

*(10)* The proceeding for probate, being *in rem,* is analogous to a proceeding in admiralty. In *United States* v. *William T. Sampson,* 187 U. S., 436, 47 L. Ed., 248, which was a "libel in prize" instituted by Rear Admiral Sampson in his own behalf and in behalf of other officers and enlisted men, the death of Admiral Sampson pending

appeal was suggested, and a motion was made by the Attorney General that the cause proceed without the substitution of any other individual as a party. The Supreme Court ruled: "We think some one to carry on the proceedings in the interest of all should be substituted, but that it is not necessary that the personal representatives of those who may have deceased should come in, or that any person should *ex officio* be designated. The matter is merely one of convenience and without significance in itself."

(11) It is our conclusion, therefore, that the death of one of the contestants in the case at bar was without effect on the jurisdiction of the circuit court over the pending proceeding for probate, and that the order of abatement should not have been entered. For the same reason an order of revivor would have been unnecessary and inapt.

The case before us is one in which there has been no probate in common form, and the proposed will "has no legal force until it is probated." *State v. Lancaster*, 119 Tenn., 638, 651.

(12) Whether the conclusions herein reached can be extended to a contest begun after a probate in common form is not involved nor decided.

(13) The statute law of Tennessee is silent as to who may propose a will for probate, or contest it. Statutes of other states have generally conferred the right to contest on "persons interested." The earliest expression of this court, purporting to be the first construction of the Act of 1879, chapter 23, is: "If any one or more, *interested* in the result, objected to the validity of the will, then the court was ordered by the statute to make up an issue, will or no will, and try the fact before a jury, minding to examine all the living witnesses to the

will, and to hear such other proofs as *those interested* might adduce, and, according to the finding of the issue by the jury, record the will or reject the paper presented as such. *Hodges* v. *Bauchman* (1835), 16 Tenn. (8 Yer.), 186, 189-190.

In *Wynne* v. *Spiers,* 26 Tenn. (7 Humph.), 383, 407, the court said that a probate once made in common form could not be set aside at the suit of a stranger or a kinsman who is not next of kin, "who could take nothing under the statute of distribution, if there were no will." This holding was followed literally in *Cornwell* v. *Cornwell,* 30 Tenn. (11 Humph.), 484, the court holding that a probate in common form may not be set aside at the instance of a grandchild of the testator, it not appearing but that his own father was alive; but the court did not indicate that the father of the contestant must have died before the testator in order to entitle the grandchild to contest the will.

*Bank* v. *Nelson,* 40 Tenn. (3 Head), 634; *Ligon* v. *Hawkes,* 110 Tenn., 514, and *Bowers* v. *McGavock,* 114 Tenn., 438, were cases in which the wills sought to be contested had been admitted to probate in common form, and no contest had been begun by any person entitled to inherit directly from the testator. It was held that the probate in common form could not be set aside, and the will certified for reprobate on the issue *devisavit vel non,* at the suit of a stranger to the testator. This holding was in literal accord with *Wynne* v. *Spiers, supra.*

In *State* v. *Lancaster,* 119 Tenn., 638, 655, the court refused to extend the authority of *Ligon* v. *Hawkes* so as to preclude the State, claiming an escheat, from contesting the validity of a will, saying: "Decisions must be construed in the light of the question with which the court

is dealing, and of the facts before the court." And in *State ex rel.* v. *Baseball Club,* 127 Tenn., 292, 307, the rule is stated: "Only the points in judgment arising in a particular case before the court are precedents for future decisions."

There is no case in Tennessee adjudicating the right of a devisee, heir or transferee of a testator's heir at law, to resist or oppose the original probate of the testator's will. The subject is not regulated by statute. The court has indicated its unwillingness to deny the right to a grandson or a lineal descendant of the testator, whose immediate ancestor survived the testator, but died without beginning a contest. *Ligon* v. *Hawkes,* 110 Tenn., 514, 522.

In the case at bar, the will has not been admitted to probate, and it is now "of no legal force." There was no waiver by the son of the testator, through whom the plaintiff in error claims an interest in the property to be affected by the will, if admitted to probate. The proceeding is *in rem,* and the *res* is the property in which she is asserting an interest. Her claim will be established or forever precluded by the judgment to be entered. The issue, presented for adjudication in this proceeding for the first time, is whether the proposed will is in fact the will of the testator, or a void paper. If it is not a valid will, the property of the estate vested in the testator's children at the date of her death, and a one-third undivided interest vested in plaintiff in error at the date of her husband's death. In a proceeding brought directly to determine this issue for the first time, no sound rule of law can be invoked which would deny to the plaintiff in error the right to be heard against the will, both in her own right and as executor of her husband's will, both real estate and personal property being involved.

This conclusion is supported by *State* v. *Lancaster,* 119 Tenn., 638, 657, wherein the court said:

"It would certainly be an anomaly if there were not vested somewhere in the machinery of the courts a power to accomplish the result indicated—that is, to question a fraudulent will where that fraudulent act stood in the way of the enjoyment of the right of a third party to the same property—and since it does not reside in the chancery courts in general, persons who have such an interest as above indicated must be permitted to resort to the probate court, and there make contest."

In *Van Alen* v. *Hewins* (1875), 12 N. Y. Sup. Ct. (5 Hun), 44, the case presented was a proceeding to set aside a probate in common form, and for reprobate, pending which the contestant died testate, and her executors sought to be substituted in her place in the further conduct of the proceedings. It was held that the proceeding, being "a *quasi* proceeding *in rem,*" could not abate by the death of either proponent or contestant, and must of necessity be continued until the instrument propounded be admitted to probate or rejected. The same effect on the previous probate in common form was given to the proceeding as in this jurisdiction. (*Roberts* v. *Stewart,* 32 Tenn. (2 Swan), 162.) The situation arising was not controlled by statute. In permitting the substitution of the executors, the Supreme Court (Fourth Department) said:

"The burden being upon the executor and legatee to give the requisite proofs before the probate can be confirmed, the death of the contestant cannot deprive them of the right to give such proofs. From this it follows that the proceeding does not thereby abate, but that proofs in support of the will may be given thereafter,

and hence, that somebody must have the right to give counter proofs in support of the allegations, or it must be the duty of the surrogate, of his own motion, to ascertain whether the allegations be true or not. For it would be absurd to confirm the probate in the face of allegations against the genuineness or validity of the will, without inquiry respecting the truth thereof; and without such confirmation administration of the estate cannot be resumed. We are, therefore, driven to the conclusion that justice to those who are interested in the property to be affected by the proceeding, either by a confirmation or a refusal of probate, as well as a due performance of the duty imposed on the surrogate, requires him to allow some one to step into the place made vacant by the death of the contestant. The power to do this, although not expressly given, is necessarily incident to the jurisdiction vested in the surrogate to take proof of the execution of wills and to admit them to probate."

This holding has been followed in New York, in subsequent cases: *Re Herrman* (1915), 154 N. Y. Supp., 957, affirmed 219 N. Y., 567, and *Lafferty* v. *Lafferty* (1891), 5 Redf., 326.

*In re Probate of Barr's Will,* 11 Ohio Decisions (Reprint) 386, the judge of the Common Pleas Court, in an *ex parte* proceeding for probate, permitted persons interested in the property affected by the will to appear as *amici curiae,* "for the purpose of adducing evidence and taking such other steps as will enable the court to be better advised in determining the questions arising upon the application made to the court as to the proof in probating an execution of the will in question."

Responding to a motion to revoke the order, the court said:

"It would seem to be reasonable and fair that persons whose property rights might be affected by the recording of such a will, should have an opportunity of furnishing the court with evidence upon the subject-matter under investigation. It would relieve the court from being limited to the consideration of only such evidence as the applicant would choose to produce in his own interest, and would secure for the court evidence upon facts which the applicant might find to his interest to suppress. It is obviously in the interest of justice that such an entry ought to be made, and, having been made, the court finds no reason why it should be set aside, or modified."

The proceeding being *in rem,* we can conceive no just criticism of the course pursued by the Ohio judge. For a similar treatment of the course taken in a proceeding *in rem,* after the death of parties respondent, and without substitution, see *Braewel* v. *Reuther,* 270 Mo., 603, 193 S. W., 283; Ann. Cas. 1918B, 533, L. R. A., 1918B, 444. A broader view is taken in *Ingersoll* v. *Courley* (1913), 72 Wash., 462, 130 Pac., 743.

*(14)* Our conclusion herein is that the circuit court acquired jurisdiction of the *res* when the plaintiff in error's husband, with his brother, as heirs at law of Emily C. Winters, resisted the probate of her will in the county court, and that jurisdiction was not affected by his death pending the proceedings; that the plaintiff in error, having acquired an apparent pecuniary interest in the property of the estate, by virtue of her husband's will, prior to the probate of the will of Emily C. Winters, which, if admitted to probate, will forever preclude the plaintiff in error from the enjoyment of her asserted interest in the property, is entitled, both in her own right and as executor of her husband's will, to be substituted in his

place and stead as a party contestant and so as to participate in the further conduct of the pending proceedings for the probate of the will, upon the execution of bond in the amount fixed by statute.

The judgment of the circuit court is accordingly reversed, and the case will be remanded for orders and further proceedings consistent herewith. The costs of the appeal will be paid by the proponent, the American Trust Company, and will be a proper charge against the estate of Emily C. Winters.