Frank Pickens *v.* Anna Scarbrough.

(*Knoxville,* September Term, 1931.)

Opinion filed February 15, 1932.

JOHN S. SHAMBLIN and JONES & DAVIS, for plaintiff in error.

MAYFIELD & MAYFIELD, for defendant in error.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

This is a suit for damages for seduction and breach of promise of marriage. There was a judgment for the plaintiff below, which was affirmed by the Court of Appeals and defendant below has filed a petition for certiorari.

After judgment in the trial court defendant died, pending the disposition of his appeal in error in the Court of Appeals. A revivor was permitted in that court and the propriety of this revivor is the first question presented on the petition for certiorari.

It is insisted that, notwithstanding the judgment in favor of the plaintiff in the trial court, the cause of

action abated with the defendant's death, and we are referred especially to *Bolin* v. *Stewart*, 66 Tenn. (7 Baxt.), 299, and *Posey* v. *Posey,* 113 Tenn., 588.

In each of these cases there was a judgment for the defendant in the trial court, in each case the defendant died pending an appeal in error, and in each case it was held that the action abated and that there could be no revival in this court.

In *Posey* v. *Posey,* section 8700 of the Code was urged upon the court providing that ''no appeal or writ of error in any cause or court would abate by the death of either plaintiff or defendant, but may be revived by or against the heir, personal representative, or assign under the foregoing rules.'' The court, however, held that ''whether the particular action survives or abates, in whatsoever court it may be, depends entirely upon whether the cause of action survives or continues.''

*Kimbrough* v. *Mitchell,* 38 Tenn. (1 Head), 541, was a suit for trespass for assault and battery and there was a judgment for the plaintiff. There was an appeal in error to this court and, pending the appeal, the plaintiff died. A revivor was permitted in the name of the plaintiff's administrator. The court said:

''By the recovery in the lifetime of the injured party, the claim for damages was merged in the judgment, and became a debt with which the personal representative was chargeable. The demand being thus impressed with the character of a debt, it is clear that it is not only the right, but likewise the duty, of the personal representative to insist upon a revivor.''

In this case the court referred to section 2846 of the Code of 1858, section 8694, present Code, founded on chapter 77 of the Acts of 1835-36, providing that no civil

action commenced, whether founded on wrongs or contracts, except those affecting the character of the plaintiff, abated by the death of either party. It was in this connection that *Kimbrough* v. *Mitchell* was referred to in *Bowman* v. *Hart*, 161 Tenn., 402.

*Akers* v. *Akers*, 84 Tenn. (16 Lea), 7, was a libel suit in which there was a judgment for the plaintiff and pending an appeal in error the defendant died. This suit, of course, involved the character of the plaintiff, and was within the exception to section 2846, Code of 1858, section 8694, present Code. The court, however, following the reasoning of *Kimbrough* v. *Mitchell, supra,* held that the claim for damages had become merged into the judgment below, taking the character of a debt, and a revivor was permitted.

*Hullett* v. *Baker,* 101 .Tenn., 689, was a suit for breach of promise of marriage, likewise involving the character of the plaintiff, and the court expressly quoted and approved *Akers* v. *Akers, supra.* On the first hearing of *Hullett* v. *Baker,* it appearing that defendant had died pending an appeal in error from an adverse judgment, a revivor was permitted in this court against his personal representative. The case was heard in this court and the judgment below reversed. The effect of the reversal was to vacate the judgment and to restore the cause of action to its original character. Upon the remand of the cause, its standing then in the trial court merely as an action founded on a wrong affecting the character of the plaintiff, it was held proper for the trial court to abate said action.

We think there is no conflict in these cases, when properly understood.

As above noted, the civil action commenced was not merged into a judgment either in *Bolin* v. *Stewart, supra,* nor in *Posey* v. *Posey, supra,* but each action failed in the trial court. Upon appeal in error the demand of each plaintiff remained still a cause of action not established—merely an action.

In *Akers* v. *Akers, supra,* and in *Hullett* v. *Baker* (on first appeal in error), each action had become merged into a judgment and the demand of each plaintiff had become a debt adjudicated against each defendant.

While a judgment at common law did not survive a defendant against whom it was rendered, Freeman on Judgments, Fifth Edition, section 1085a, under section 8223, Code, and section 8852, Code, a judgment does survive such defendant and may be revived against his administrator or against his heirs if there is no administration. The statutes appear to make no distinctions with reference to the character of the action upon which the judgment is founded.

We accordingly think the Court of Appeals was right in permitting a revivor in this case.

█ Complaint is further made because the Court of Appeals failed to reverse for the action of the trial court in striking a plea in abatement filed by the defendant below. This plea set out that the defendant was insane and that a guardian had been appointed for him and that the suit could not go on, the guardian not having been made a party.

It appears that no guardian had been appointed for defendant when the suit was filed. Later a guardian was appointed. The trial court, however, did not require that the regular guardian be made a party but appointed a guardian *ad litem* for the defendant—eminent counsel.

While it would have been better practice to make the regular guardian a party, still we do not think defendant was in any way prejudiced by the course taken. The guardian *ad litem* raised every point possible in the defendant's favor. In fact he made a defense far more vigorous than the regular guardian could have done, unless that guardian had employed counsel of ability corresponding with that of the guardian *ad litem*. Such an irregularity does not require a reversal.

There is much criticism of the charge, with reference to particular instructions given and particular instructions refused, and there is criticism of the argument of counsel. These matters are discussed at some length in the Court of Appeals. It does not seem to us that any error complained of affected the merits of the case and the petition for *certiorari* is therefore denied.