NEWMAN *v.* HAGGARD *et al.*

(*Nashville,* December Term, 1933.)

Opinion filed June 25, 1934.

Geo. H. West, of Dayton, for appellant.

Swafford & Woodlee, of Dayton, for appellee.

Mr. Justice Cook delivered the opinion of the Court.

A general creditor's bill was filed by the complainant against the defendant Haggard. It was shown that Haggard owed complainant, as receiver for the American National Bank of Dayton, $9,050, evidenced by notes, an overdraft of $38.02, and the assessment of $7,500 upon Haggard's shares of stock in the insolvent bank. This, with other debts, it was charged, amounted to $40,000. It does not appear from the bill that any claims of creditors had been reduced to judgment.

It was stated that defendant Haggard's personal assets consisted of an automobile and household goods and his real estate of a residence in Dayton worth $20,000, less vendor's lien notes of $4,000, payable to the Templeton estate, and upon information and belief it was charged that Haggard owned a beneficial interest in certain real estate conveyed to the Rena Clark Haggard Memorial Hospital in the year 1925. It was alleged that the assets would not exceed $20,000 in value and that Haggard was insolvent.

The prayer of the bill was that it be received as a general creditor's bill on behalf of complainant and all other

544

creditors of A. P. Haggard; that the creditors be enjoined from bringing separate actions; that the trustees of the Templeton estate be enjoined from enforcing the vendor's lien, and for a receiver to take charge of and administer the assets for the benefit of creditors. The demurrer of A. P. Haggard was overruled and time given for his answer to the bill, but before expiration of time allowed for the answer Haggard died. No order had been entered sustaining the bill as a general creditor's bill and no steps taken to impound the property through extraordinary process or by the appointment of a receiver.

Such was the status when complainant filed the bill to revive his general creditor's suit against S. K. Hicks, administrator of Haggard's estate. The administrator demurred to the bill of revivor, because, among other grounds, (1) the complainant could not maintain his general creditor's suit after the death of A. P. Haggard, the debtor, (2) and cannot revive it against the debtor's administrator or proceed further against the estate because the statute provides an adequate and exclusiv remedy for the administration of estates and for the fair and ratable distribution of the assets to creditors.

The cause is here upon the administrator's appeal from the action of the chancellor overruling the demurrer. "Ordinarily, if the party seeking revivor has no interest in the further proceeding and can derive no benefit from them, he is not entitled to a bill of revivor and a demurrer will lie." Gibson's Suits in Chancery, sec. 721, subsec. 2.

The two grounds of demurrer above stated should have been sustained and the bill of revivor dismissed. The complainant and no other creditor occupied the favored

position of judgment creditors with liens upon impounded property, or property held under extraordinary process as in *Bridges* v. *Cooper,* 98 Tenn., 381, 39 S. W., 720, and *Harris* v. *Beasley,* 123 Tenn., 605, 133 S. W., 1110, Ann. Cas. 1914B, 942, and other similar cases. No lien existed in favor of complainant as against any other creditor. The property was in possession of A. P. Haggard, the debtor, when he died, and his interest and the interest of his creditors passed by operation of law to the administrator, required by statute to administer and distribute the estate ratably for the benefit of creditors. Code, sec. 8197 et seq.

These statutes provide an adequate and exclusive remedy for the protection of complainant and other creditors. In view of these provisions of the statute and where, as in this case, the creditor's bill impressed no lien in favor of the complainant as against other creditors and the property is not impounded by any process of the court, the death of the debtor abates the general creditor's suit. 1 C. J., p. 207, sec. 402; 5 Enc. Pl. & Pr., 555; 1 R. C. L., 49. See *Beith* v. *Porter,* 119 Mich., 365, 78 N. W., 336, 75 Am. St. Rep., 402.

The substance of the action, the object designed by it, ended with transmission of the estate by operation of law to the administrator. No reason longer existed for keeping it alive. See *Posey* v. *Posey,* 113 Tenn., 591, 83 S. W., 1. It was not so much a personal action as it was an action in the nature of an action *in rem,* and the *res* not being impounded passed to the administrator. *State ex rel.* v. *Caldwell,* 163 Tenn., 80, 40 S. W. (2d), 1036.

For the reasons stated, a decree will be entered reversing the chancellor and sustaining the administrator's demurrer to the bill of the revivor.